STATE of Minnesota, Appellant,

v.

Randy Ray CASH, Respondent
(C0–96–1924),

Lee Philip Schoo, Respondent
(C2–96–1925),

Robert Paul Bedtke, Respondent
(C4–96–1926).

Nos. C0–96–1924 to C4–96–1926.

Supreme Court of Minnesota.

Jan. 21, 1997.

## ORDER

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of the State of Minnesota for further review of the order of the Court of Appeals filed October 31, 1996 be, and the same is, reversed and the three matters in question are remanded to the district court for further proceedings.

The issue on these three consolidated appeals is whether the trial judges in question, in staying adjudication in DWI cases, misinterpreted our recent decision in *State v. Krotzer*, 548 N.W.2d 252 (Minn. 1996). As a general rule a prosecutor has considerable discretion in the exercise of the charging function. Ordinarily, under the separation-of-powers doctrine, a trial court should not interfere with the prosecutor's exercise of that discretion. However, we held in *Krotzer* that if "special circumstances" are present, then a trial court may stay an adjudication of guilty over the prosecutor's objection without violating the separation-of-powers doctrine.

As we have stated recently in a number of published orders:

It was not our intention that mere disagreement by the trial court with the prosecutor's exercise of the charging discretion would constitute "special circumstances." Rather, it was our intention that the inherent judicial authority recognized in that case be relied upon *sparingly* and only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function.

*See,* for example, *State v. Foss*, 556 N.W.2d 540, 541 (Minn.1996).

Nothing in the record of the three cases in question supports the conclusion that "special circumstances" like those in *Krotzer* were present or that the prosecution in any way abused its broad discretion in charging the defendants with DWI. The court of appeals did not reach this issue, dismissing the state's appeals in the three cases. We reverse the order dismissing the appeals, reverse the decisions of the trial judges order-

ing stays of adjudication, and remand to the district court for further proceedings in each case.

Reversed and remanded to district court for further proceedings.

BY THE COURT:

/s/ Alexander M. Keith

A.M. Keith

Chief Justice