STATE of Minnesota, Appellant,

v.

Debra Jeanette THOMA, Christine DeShawn Vasser, Marnie Marie Denn, Olga Engelhardt Davis, Respondents.

STATE of Minnesota, Appellant,

v.

Rachel Marie LANNON, Respondent.

Nos. C8–97–465, CX–97–466, C1–97–467, CX–97–564 and C6–97–710.

Court of Appeals of Minnesota.

Sept. 16, 1997.

Hubert H. Humphrey, III, Attorney General, St. Paul, for appellants.

Martin J. Costello, Hughes & Costello, St. Paul, for appellant State in C8–97–465, CX–97–466, C1–97–467, and CX–97–564.

Kari A. Lindstrom, Scott Joint Prosecution Association, Shakopee, for appellant State in C6–97–710.

Arlene M. Asencio Perkkio, St. Paul, for respondent Thoma.

Leslie J. Rosenberg, Special Assistant State Public Defender, Minneapolis, for respondents Vasser, Denn and Lannon.

Stephen N. Sage, Mark Labine, St. Paul, for respondent Davis.

Considered and decided by TOUSSAINT, C.J., and RANDALL, NORTON, SCHUMACHER, HARTEN and WILLIS, JJ., and FOLEY, J.*

## OPINION

SCHUMACHER, Judge.

These prosecution appeals from misdemeanor and petty misdemeanor stays of adjudication have been combined for purposes of considering the jurisdictional issue of the appealability of nonfelony stays of adjudication. Respondent Rachel Marie Lannon pleaded guilty, and had adjudication stayed, on underage drinking and driving. Minn. Stat. § 169.1218 (1996). The other four defendants pleaded guilty to certified petty misdemeanor theft. Minn.Stat. § 609.52, subd. 3(5)(1996). We accept jurisdiction, reverse, and remand.

## FACTS

Respondent Debra Jeannette Thoma was charged with changing the price tags on fruit and vegetable trays at a supermarket, resulting in her bill being understated by $12.37. At her arraignment, Thoma's attorney noted that she had serious medical problems and that it had been a traumatic experience for her. The court, after taking Thoma's plea of guilty, stayed adjudication, stating that it would give Thoma a chance to keep the offense off her record. When the prosecutor objected to the stay of adjudication, the court stated that it had a policy of staying adjudication on petty misdemeanor thefts of food or similar items with minimal monetary value.

Respondent Christine DeShawn Vasser was charged with shoplifting $100.37 worth of Similac and other infant care items from a supermarket. At Vasser's arraignment, defense counsel noted that Vasser had a child and that infant formula was expensive. The trial court accepted her guilty plea and stayed adjudication, giving Vasser "credit for the fact that you have a young child and are not working, and the items related to the child directly."

Respondent Marnie Marie Denn was charged with shoplifting two items with a total value of $13.06 from a supermarket. The trial court accepted Denn's guilty plea and stayed adjudication without giving any reasons, but apparently based on the policy noted in the case of respondent Thoma, who was arraigned on the same day in the same court and also given a stay of adjudication.

Respondent Olga Engelhardt Davis was charged with shoplifting $7.73 worth of coffee and other merchandise. At Davis's arraignment, the court noted that Davis, who was 68 years old, had a clean record, that the theft involved a minimal amount, and that it seemed to be an isolated incident. The court also noted that there was no pretrial diversion for this type of offense and stated that even a petty misdemeanor could show up on Davis's record. The court accepted Davis's guilty plea and stayed adjudication.

Respondent Rachel Lannon was charged with underage drinking and driving, a misdemeanor offense for which a conviction must be reported to the commissioner of public

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

safety for suspension of the offender's driver's license. Minn.Stat. § 169.1218(b) (1996). At arraignment, Lannon decided to plead guilty in exchange for the prosecutor's agreement that there would be no executed jail time. The trial court questioned Lannon, eliciting her need to be licensed in order to drive to school. The trial court stayed adjudication for 90 days, requiring that Lannon pay $50 for the costs of prosecution and comply with other conditions. The court explained that it felt it was not in the public interest that Lannon lose her driver's license, which she needed to drive to school, and therefore adjudication should be stayed.

## ISSUES

1. Does the state have a right of appeal from nonfelony stays of adjudication?

2. Were there "special circumstances" supporting stays of adjudication in these cases?

## ANALYSIS

■ 1. The supreme court has held that the trial court has "inherent judicial power" to stay adjudication if "special circumstances" exist warranting this "unusual judicial measure[ ]." *State v. Krotzer*, 548 N.W.2d 252, 254–55 (Minn.1996). *Krotzer* involved a felony charge of third-degree criminal sexual conduct. The issue of stays of adjudication also has arisen in nonfelony cases. In an appeal from a stay of adjudication in a misdemeanor assault prosecution, the supreme court later clarified that a stay of adjudication should be used only "*sparingly*"

and only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function.

*State v. Foss*, 556 N.W.2d 540, 541 (Minn. 1996) (emphasis in original).

The jurisdictional question has arisen in these and other cases as to whether the state has a right to appeal a nonfelony stay of adjudication. The state may appeal a sentence only in a felony case. Minn. R.Crim. P. 28.04, subd. 1(2). The prosecution, however, may appeal

in any case, from any pretrial order of the trial court except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense or an order dismissing a complaint pursuant to Minn.Stat. § 631.21 * * *

Minn. R.Crim. P. 28.04, subd. 1(1). The state argues that stays of adjudication are pretrial orders. Respondents contend they are sentences, appealable only in felony cases.

A stay of adjudication is intended to avoid the necessity of trial. The state, however, may appeal, as "pretrial orders," various orders that would avoid trial by dismissing the prosecution. *See State v. Kiminski*, 474 N.W.2d 385, 389 (Minn.App.1991) (dismissal of complaint based solely on question of law is appealable), *review denied* (Minn. Oct. 11, 1991). This court has considered an appeal from an order allowing the defendant to plead guilty to a lesser offense, over the state's objection, a circumstance analogous to a *Krotzer* stay of adjudication. *State v. Favre*, 428 N.W.2d 828 (Minn.App.1988). *Favre* does not discuss the jurisdictional basis for the appeal, nor does it note any jurisdictional problem. *See Davidner v. Davidner*, 304 Minn. 491, 493, 232 N.W.2d 5, 7 (1975) (appellate court's duty to determine jurisdiction sua sponte); *cf. Chapman v. Dorsey*, 230 Minn. 279, 288, 41 N.W.2d 438, 443 (1950) (appeals decided on the merits that do not address issue of appellate jurisdiction are not precedential authority on jurisdiction).

The supreme court in *Krotzer* held that the trial court may impose conditions of probation, including probationary jail time, as part of a stay of adjudication. 548 N.W.2d at 256. The inclusion of criminal sanctions, however, does not make a stay of adjudication a "sentence." First, a sentence constitutes a final judgment, or adjudication, of conviction. *See* Minn. R.Crim. P. 28.02, subd. 2(1) (judgment of conviction is considered final upon sentencing). Under *Krotzer*, however, the court stays any adjudication if it finds special circumstances.

Second, it is the legislature's prerogative to define the punishment for the offense. *See e.g. State v. Osterloh*, 275 N.W.2d 578,

580 (Minn.1978) (legislature has power to define punishment for offense, and court is merely the executor of that power). The supreme court in *Krotzer* conceded there was no statutory authority for stays of adjudication, [if the stays are considered as sentencing dispositions]. 548 N.W.2d at 254. The court in *Krotzer* relied primarily on the trial court's power to dismiss criminal charges to support the inherent judicial authority to stay adjudication. *Id.* at 255. The stay of adjudication functions in effect as a continuance for dismissal, which can fairly be characterized as a "pretrial order."

We conclude that the state may appeal, as "pretrial orders," stays of adjudication in nonfelony cases. We note that the supreme court has granted further review of several nonfelony stays of adjudication. *See State v. Cash*, 558 N.W.2d 735 (Minn.1997) (supreme court considered propriety of stays of adjudication in misdemeanor driving while intoxicated cases); *Foss*, 556 N.W.2d at 540 (supreme court considered propriety of status of adjudication in misdemeanor assault case).

2. The state argues that there are no "special circumstances" in these cases to support stays of adjudication. Respondents argue that this court should apply a deferential standard of review and affirm the trial court orders.

The supreme court in *Krotzer* and succeeding cases has not suggested what standard of review should be applied to stays of adjudication. Respondent Lannon argues that the clear abuse of discretion standard for review of sentencing departures should be applied. But we have held that a stay of adjudication is not a "sentence." Moreover, sentencing departures are not "unusual judicial measures," as are stays of adjudication. *See generally State v. Best*, 449 N.W.2d 426, 427 (Minn.1989) (court has broad discretion to depart if aggravating or mitigating circumstances are present); *cf. Krotzer*, 548 N.W.2d at 254 (describing stay of adjudications as "unusual judicial measures"). We need not, however, decide the appropriate standard of review because the stays of adjudication in these cases are reversible under any applicable standard.

Stays of adjudication are appropriate only in "special circumstances." *Krotzer*, 548 N.W.2d at 254. This court's conclusion that stays of adjudication are "pretrial orders" may suggest that they must be reviewed under the "clear and unequivocal error" standard. *See State v. Joon Kyu Kim*, 398 N.W.2d 544, 547 (Minn.1987) (standard of review in state's appeal of pretrial order). This court, however, has applied other standards of review to pretrial orders falling outside the category of the suppression orders usually involved in these appeals. *See State v. Cain*, 427 N.W.2d 5, 8 (Minn.App. 1988) (applying abuse of discretion to pretrial order for adverse psychological examination). We conclude the orders appealed here are reversible under any applicable standard of review including the "clear and unequivocal error" standard.

The supreme court has more recently issued this caution:

It was not our intention [in *Krotzer*] that mere disagreement by the trial court with the prosecutor's exercise of the charging discretion would constitute "special circumstances." Rather, it was our intention that the inherent judicial authority recognized in that case be relied upon *sparingly* and only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function.

*Foss*, 556 N.W.2d at 541 (emphasis in original).

Under *Foss*, a stay of adjudication is justified only if the court, after reviewing the circumstances of the case, determines that the prosecutor's charging decision was a clear abuse of discretion. *Id.* The court in *Foss* described the misdemeanor assault before it as apparently a "typical case" of that kind. *Id.* The court noted that to the extent the crime was less serious the trial court was free to be lenient in sentencing, as by staying imposition, without going so far as to stay adjudication. *Id.*

In the four misdemeanor theft prosecutions, against Thoma, Vasser, Denn, and Davis, the state acknowledges there were mitigating circumstances and the thefts involved minimal amounts. But these factors

were reflected in the prosecutor's agreement to certify the thefts as petty misdemeanors. To the extent the trial court believed that certification did not fully recognize the mitigating circumstances, the court was free to be lenient in sentencing. *Cf. id.* (to the extent misdemeanor assault was less serious, court could have been lenient in sentencing, as by staying imposition). There was no need also to stay adjudication, and no basis for such an order, because the "special circumstances" required under *Krotzer* and *Foss* were not present. Although the trial court was concerned that petty misdemeanor adjudications would burden respondents with criminal records, there is no support in the record for this assertion. Moreover, respondents had already been shown leniency by the certification of the offenses to petty misdemeanors.

■ The trial court in respondent Lannon's underage drinking and driving prosecution stayed adjudication because Lannon would lose her driver's license if the conviction were adjudicated and reported. *See* Minn.Stat. § 169.1218(b) (court notifies commissioner of public safety when person is found to have committed underage drinking and driving, resulting in license suspension for 30 days). Although loss of a driver's license, even for 30 days, is a serious sanction, it is a sanction imposed on every underage drinker who chooses to drive. The trial court's desire to relieve an offender of the collateral consequences of her conviction does not by itself constitute "special circumstances" warranting a stay of adjudication. Neither is there any showing that the prosecution clearly abused its discretion in charging Lannon with the offense. Therefore, we reverse the stay of adjudication, along with the stays of adjudication granted in the petty misdemeanor prosecutions, and remand for further proceedings.

## DECISION

The nonfelony stays of adjudication are appealable as "pretrial orders." The stays of adjudication are not supported by "special circumstances" and must be reversed and remanded.

**Jurisdiction accepted, reversed, and remanded.**

RANDALL, Judge (dissenting).

I respectfully dissent.

The first issue, does the state have the right of appeal from sentencing dispositions that are not felonies is dispositive. The state can appeal a sentence *only* in a felony case. Minn. R.Crim. P. 28.04, subd. 1(2). These five cases before us are not felonies and, therefore, the sentences are not appealable.

The state makes the astonishing and, to me, meritless argument that stays of adjudication are "pretrial orders". I disagree. We have four levels of sentencing in Minnesota ranging from the most severe, incarceration in a Minnesota state prison, down to the least severe, a stay of adjudication. In descending order, the levels are incarceration, stay of execution (which is coupled with terms of probation that can include fines and local jail time), stay of imposition (which is coupled with terms of probation that can include fines and local jail time), and stay of adjudication (which is coupled with terms of probation that can include fines and local jail time).

It is not for this court to de facto overrule the Minnesota Supreme Court case of *State v. Krotzer*, 548 N.W.2d 252 (Minn.1996). In *Krotzer*, the supreme court first dismissed the state's claim that somehow the judiciary was "infringing" on the power of prosecutors to select charges, and stated in pertinent part:

> However, the prosecutor's power to file charges and prosecute an individual was not infringed upon here. As Krotzer states, the Carver County prosecutor investigated the allegations against Krotzer, filed criminal charges, *obtained a guilty plea, and recommended a disposition and sentence to the court.* The trial court then postponed acceptance of the plea and placed Krotzer on probation, but this did not affect the prosecutor's carefully defined role. The final *disposition of a criminal case* is ultimately a matter for the presiding judge. As we stated in *Olson,* once the legislature has defined the range of punishments for a particular offense, it cannot 'condition the imposition of the sen-

tence by the court upon the prior approval of the prosecutor.'

*Krotzer,* 548 N.W.2d at 254 (emphasis added) (citations omitted).

The supreme court used the term "final disposition of a criminal case", not "pretrial order" to define at what stage the *Krotzer* case was at when the issue of Krotzer's stay of adjudication arose. There is nothing even remotely connected to "pretrial procedure" when a trial judge listens to the facts of the case, and then makes a determination that the defendant "did it" (legally called a determination of guilt), and then imposes on the defendant various sanctions, including imprisonment in a county jail. The imposition of probation, including restitution and incarceration in a county jail are part of a sentence, not part of a pretrial omnibus hearing where evidentiary issues and other related matters are decided before the question of guilt or innocence and then sentencing even come up.

Anyone familiar with the Minnesota Rules of Criminal Procedure, which were changed substantially approximately 20 years ago and who is familiar with the procedure for handling criminal cases, is aware that the origins of the omnibus hearing were to combine the former probable cause hearing with the Rasmussen hearing. *See* 7 Henry W. McCarr, *Minnesota Practice* § 1.5 (1990) (chronicling history of Minnesota Rules of Civil Procedure and noting probable cause hearing and Rasmussen hearings were combined into omnibus hearing); *See also State ex rel. Rasmussen v. Tahash,* 272 Minn. 539, 553–55, 141 N.W.2d 3, 13–14 (1965) (setting forth procedures to be followed in resolving pretrial suppression issues). It is from this pretrial hearing that the state has a limited right to appeal from pretrial orders of the trial court, excepting a dismissal for lack of probable cause on an order dismissing a complaint pursuant to Minn.Stat. § 631.21. *See* Minn. R.Crim. P. 28.04, subd. 1(1).

I reject out-of-hand the majority's analysis that the imposition of criminal sanctions, including jail time, is not a type of sentence merely because the judgment of conviction is not formalized by specific entry. We simply do not put Minnesota citizens in county jails

"pretrial." It can only be done after a full and fair hearing in which the trial court makes a determination that there is enough evidence on the record to make a determination by proof beyond a reasonable doubt that the defendant is guilty. Nothing in *Krotzer* indicates that Krotzer's jail time on the serious felony of third-degree criminal sexual conduct was made without the trial judge having to listen to the evidence on the record, and then make a determination that there was enough evidence to find that Krotzer had committed the crime charged, before moving on to the sentencing phase.

The *Krotzer* court held

it was not improper for the district court in this case to follow the *sentencing options* permitted by section 152.18, and to order Krotzer to serve 60 days in jail as a condition of his 60 months on probation.

*Krotzer,* 548 N.W.2d at 256 (emphasis added).

The operative word in the above cite is "sentencing options." In spite of the unambiguous words and phrases in *Krotzer,* the state here makes the incredible argument that the stay of adjudication in the cases at issue are "pretrial appeals" because they "occurred before trial" and "had a critical impact on the outcome of the case." From a practical standpoint, the vast majority of all criminal issues decided in this state are decided "before trial." That is because only a tiny percentage of criminal defendants ever go through a full criminal trial. Straight up guilty pleas and negotiated guilty pleas are the majority of cases. Pleas of guilty are not "pretrial" simply because "there will not be a trial."

Commonly, at arraignments on misdemeanors and petty misdemeanors, and sometimes during or after an omnibus hearing on a felony, a defendant and his attorney might complete a negotiated plea with the prosecutor and then offer it to the trial court. Yet the moment the discussion changes from presenting evidence on either side of a suppression motion to discussions that result in a guilty plea, the focus has moved past the state's limited pretrial appeal rights spelled out in 28.04.

As to "critical impact," *many* evidentiary rulings during a trial have a "critical impact" on the prosecutor's case. That does not mean they are appealable as a matter of right under 28.04. For instance, during a trial, interlocutory appeals even on critical issues can be taken only on a totally discretionary basis, not as a matter of right. This distinguishes appeals during trial from the state's pretrial right of appeal under 28.04. Yet, both could be on issues deemed critical by the prosecutor; thus, obviously the buzz word "critical impact" is not the test, and I reject the state's argument to the contrary.

The appeal of right under 28.04 is limited to the evidentiary and other matters that take place surrounding the omnibus hearing. Without that limitation, the appellate courts would be inundated with the prosecution wanting to appeal as a matter of right every single adverse ruling, pretrial, midtrial, and posttrial that they did not like.

After a guilty verdict by a jury or a finding of guilty by a judge, then you move on to the sentencing phase. *Then* the state has the right of appeal in felony cases, but not in misdemeanors and petty misdemeanors as we have here.

If we cannot be logical, then we can at least be honest. If this court is going to assume that the Minnesota Supreme Court has carved out a de facto exception to the rule prohibiting sentencing appeals in nonfelony cases, then let us say that. In *State v. Cash*, 558 N.W.2d 735 (Minn.1997), this court and the supreme court reviewed a stay of adjudication in a nonfelony case. The case did not address the appealability of nonfelony sentences. Thus, neither *State v. Cash* nor *State v. Foss*, 556 N.W.2d 540 (Minn.1996), represent a definitive legal ruling stating that stays of adjudication in less than felony cases are a recognized exception to the nonappealability rules governing less than felony sentences. The accepted rule is that prior appeals decided on their merits that do not address the issue of appellate jurisdiction are not precedential authority on the jurisdictional issue. *Chapman v. Dorsey*, 230 Minn. 279, 288, 41 N.W.2d 438, 443 (1950); *see also Winberg v. University of Minnesota*, 499 N.W.2d 799, 802 (Minn.1993) (rejecting Court of Appeal's reliance on particular case where issue being decided was not raised in case being relied on).

If our court wants to make that assumption that the nonappealability of less than felony sentences has been changed by case fiat, then let us be honest and state that assumption. Attempting to get around the clear rule against appealing nonfelony sentences by calling them "pretrial," represents, to me, a loss of credibility.

Until Minn. R.Crim. P. 28.04 is specifically amended by a statute or definitive case making a clear exception for nonfelony stays of adjudication, I would dismiss the state's appeal in these cases outright. Until that specific exception is spelled out, we are bound to interpret penal statutes strictly in favor of the defendant and against the state. *See State v. Olson*, 325 N.W.2d 13, 19 (Minn. 1982) (holding that strict construction is applied in interpreting criminal statutes with all reasonable doubts resolved in favor of accused).

On these combined cases before us, the state is appealing five sentencing dispositions on crimes charged that are less than felonies. These are all nonappealable issue. I dissent and would dismiss the state's appeal outright.

NORTON, Judge.

I join in the dissent of Judge Randall.