**STATE of Minnesota, Appellant,**

v.

**Dennis Gordon LEE, Respondent.**

No. A04–1402.

Supreme Court of Minnesota.

Dec. 8, 2005.

Mike Hatch, Attorney General, Thomas R. Ragatz, Asst. Attorney General, St. Paul, MN, Gaylord Saetre, Todd County Attorney, Joe E. Judd, Asst. Todd County Attorney, Long Prairie, MN, for appellant.

Robert E. Pottratz, Melrose, MN, for respondent.

Susan L. Naughton, St. Paul, MN, for amicus curiae League of Minnesota Cities.

## OPINION

MEYER, Justice.

This case concerns the state's right to appeal from an order for a stay of adjudication on misdemeanor charges, entered by the district court over the objection of the state. The court of appeals rejected the state's appeal, specifically concluding that an order for a stay of adjudication that includes jail time to be served is a sentence and a misdemeanor sentence is not appealable under Minn. R.Crim. P. 28.04. *State v. Lee,* 693 N.W.2d 216, 219 (Minn.App.2005). We reverse and remand to the district court for sentencing.

Respondent Dennis Gordon Lee pleaded guilty on June 21, 2004, to two misdemeanors: violation of Minn.Stat. § 171.24, subd. 2 (2004) (driving after revocation), and Minn.Stat. § 169.797, subd. 2 (2004) (failure of owner to provide insurance.) Lee's license had been revoked for driving after a prior conviction for failure to provide insurance; his license also had been suspended just days prior to the stop for failure to pay child support. If convicted of the two new offenses, Lee would lose his driving privileges for another year. The district court ordered a presentence investigation report. The presentence investigation report credited Lee with having taken steps to get his license validated and having become current with his child support payments. Nevertheless, the report did not recommend a stay of adjudication "[d]ue to defendant's extensive prior record regarding Driving After Withdrawal and the fact that he was just in court in September 2003 and in violation of that court order[.]"

At the sentencing hearing, defense counsel urged the court to order a stay of adjudication to avoid the consequence to Lee of losing his driving privileges for a year. Counsel argued that if Lee lost his driving privileges, Lee would most certainly lose his job and consequently be unable to satisfy his child support obligation. The prosecutor opposed a stay of adjudication, arguing that Lee was a repeat offender of driving laws and that Lee had made the choice to drive despite his revoked (and suspended) status.

The district court granted a stay of adjudication over the prosecutor's objection. The court ordered Lee to serve 45 days of jail time (with work release), to pay court costs, to not have any same or similar offenses or moving violations, to maintain valid insurance, and to regularly provide proof of insurance to the court.

The district court explained its reasons for granting the stay of adjudication: "I also believe that [defense counsel] is correct in that if we have a full-time employed person now with a driver's license, with insurance, with a child support payment plan, I don't think we serve the public interest by stopping that." The court found that the prosecutor had not abused his discretion in charging Lee in the first instance.

The state then appealed, but its appeal was dismissed by the court of appeals. *Lee*, 693 N.W.2d at 219. The court of appeals determined that the state did not have a right to appeal the district court's order because the order, in essence, imposed a sentence, and under Minn. R.Crim. P. 28.04, subd. 1(2), the state cannot appeal as of right from a nonfelony sentence. *Lee*, 693 N.W.2d at 218–19. We granted review.

## I.

The first question is whether under the rules of criminal procedure an order for a stay of adjudication is a pretrial order (appealable by the state), or whether it is a sentence (not appealable by the state). This question raises concerns of the jurisdiction of state courts, which we review de novo. *State v. Barrett*, 694 N.W.2d 783, 785 (Minn.2005). We also construe and interpret rules of criminal procedure de novo. *Id.* (citing *State v. Hugger*, 640 N.W.2d 619, 621 (Minn.2002)).

We begin by observing that there is no rule of criminal procedure explicitly addressing orders for stays of adjudication. The most pertinent rule states, in relevant part, that the state may appeal as of right to the court of appeals "in any case, from any pretrial order of the trial court," and "in felony cases from any sentence imposed or stayed by the trial court." Minn. R.Crim. P. 28.04, subd. 1(1), (2). Thus, if a stay of adjudication in a nonfelony case is a pretrial order, the state may appeal as of right.

The state argues that this court has already said that a stay of adjudication under rule 28.04 is a pretrial order for purposes of appeal. We agree. We expressly stated in *State v. Verschelde*, 595 N.W.2d 192 (Minn.1999), that "a stay of adjudication is considered a pretrial order for purposes of appeal." 595 N.W.2d 192, 196 (Minn.1999) (citing *State v. Thoma*, 569 N.W.2d 205 (Minn.App.), *aff'd mem.*, 571 N.W.2d 773 (Minn.1997)). In *Thoma*, we affirmed by memorandum opinion the court of appeals' determination that stays of adjudication were pretrial orders for purposes of appeal. 571 N.W.2d 773. Prior to *Thoma*, we reversed the court of appeals' determination in *State v. Twiss* that the state could not appeal as of right a nonfelony sentence. 570 N.W.2d 487, 487 (Minn.1997). We again recognized that stays of adjudication are pretrial orders

for purposes of appeal in *State v. Hoelzel,* 639 N.W.2d 605, 608 (Minn.2002).

Lee's central argument to this court is that the *Thoma* case was wrongly decided and this court should take this opportunity to overrule it and its progeny. We are extremely reluctant to overrule our precedent under principles of *stare decisis. Oanes v. Allstate Ins. Co.,* 617 N.W.2d 401, 406 (Minn.2000). When overruling precedent, we have required a "compelling reason" to do so. *Id.*

Lee makes the argument that a stay of adjudication is more like a sentence than it is like a pretrial order—the fact that a presentence investigation was ordered, a date was set for sentencing, costs and fees were assessed, and jail time was imposed. Lee points out that disposition in this case occurred at a point when there was nothing left to be tried; at a point in the flow of adjudication where typically a sentence is imposed. Lee asserts that it is a legal fiction for this court to continue to label a stay of adjudication as a pretrial order.

The state counters that a sentence requires a conviction and in the absence of a conviction, there is no sentence. *See* Minn. R.Crim. P. 28.02, subd. 2(1) (noting that judgment is final when conviction is entered and sentence is imposed or stayed); *see also* Black's Law Dictionary 1393 (8th ed.2004) (defining "sentence" as "[t]he judgment that a court formally pronounces after finding a criminal defendant guilty.").

We have held that, for purposes of appellate review, a stay of adjudication is more akin to a pretrial order than a sentence. Nevertheless, it is fair to say that a stay of adjudication is not precisely a pretrial order, but rather, a unique judicial tool with the need for its own rules of procedure. Our current criminal rules offer only two existing labels for an appeal—either it is an appeal from a sentence or it is an appeal from a pretrial order. In the interest of preserving the integrity of our rules and to avoid any further confusion about choosing between two existing labels to describe a stay of adjudication, we believe that our rules of criminal procedure need to be amended to establish rules of procedure for stays of adjudication.[1]

Implicit in our precedent is our concern that the state be permitted an appeal as of right in all cases where a stay of adjudication is ordered over the state's objection. We have said that, unless the prosecutor abuses his or her discretion or demonstrates improper intent, "the judiciary is powerless to interfere with the prosecutor's charging authority." *State v. Krotzer,* 548 N.W.2d 252, 254 (Minn.1996). Sound policy reasons grounded in separation of powers concerns support appellate review when a district court judge directly interferes with the charging function of the prosecutor. For these reasons, we conclude that Lee has failed to offer a compelling reason to overturn existing precedent. We reaffirm this court's holding in *Thoma* and hold that an order for a stay of adjudication is appealable as of right by the state.

The court of appeals distinguished Lee's case on the basis that none of the *Thoma* cases "discuss or appear to involve service of jail time." *Lee,* 693 N.W.2d at 218. Because Lee was ordered to spend time in jail, the court characterized the proceeding as an appeal from a sentence and not an appeal from a pretrial order. *Id.* at 219. The court questioned the source of the

---

1. We refer this matter to the Supreme Court Advisory Committee on Rules of Criminal Procedure for study and recommendation.

district court's authority to impose jail time at a pretrial stage, or at any other time before sentencing. *Id.*

We share the court of appeals' concern about the consequences of imposing jail time at the pretrial stage. Nevertheless, we have expressly authorized the imposition of conditions of probation, including jail time, as part of a stay of adjudication. *State v. Krotzer,* 548 N.W.2d at 255–56. In doing so, we drew a parallel to Minn. Stat. § 152.18, subd. 1 (2004), that authorizes, for certain drug crimes, a stay of adjudication "upon such reasonable conditions as [the court] may require and for a period, not to exceed the maximum sentence provided for the violation." *Krotzer,* 548 N.W.2d at 255–56. And in *Thoma,* the court of appeals plainly stated, "The inclusion of criminal sanctions * * * does not make a stay of adjudication a 'sentence.'" 569 N.W.2d at 207. While other viable legal challenges and issues regarding preconviction sanctions may exist, such as whether an order for a stay of adjudication that includes a jail sentence should be subjected to the same procedural safeguards as a traditional sentencing order given pursuant to a guilty plea, Lee does not raise such issues here and we do not reach them.

Therefore, in addressing the narrow issue raised in this appeal, we conclude that the order for a stay of adjudication is appealable as of right by the state, and the court of appeals erred when it dismissed the state's appeal. Accordingly, we reverse the dismissal of the appeal.

## II.

 Both parties ask this court to decide the merits of the state's argument that the district court erred in staying adjudication. Generally, when this court reverses a court of appeals' dismissal of an appeal, we remand the substantive question to the court of appeals for consideration. *See State v. Hugger,* 640 N.W.2d 619, 620 (Minn.2002). But there is precedent for this court to address, in the interest of judicial economy, issues that the court of appeals did not address. *See, e.g., State v. Gobely,* 366 N.W.2d 600, 603 (Minn.1985). The criminal rules allow us to "review any other matter as the interests of justice may require." Minn. R.Crim. P. 28.02, subd. 11; Minn. R.Crim. P. 29.04, subd. 11; *see* Minn. R. Civ.App. P. 103.04. The interests of justice warrant our consideration of the district court's grant of the stay of adjudication.

The state argues that the district court erred because a district court can only enter a stay of adjudication when there has been a clear abuse of discretion by the prosecutor in the exercise of the charging function. The district court found that there was no abuse of discretion in charging and, therefore, the state asserts, the stay of adjudication should be reversed.

Lee argues that *either* "special circumstances" *or* an abuse of prosecutorial discretion in charging may support a stay of adjudication over the prosecutor's objection. He asserts that "special circumstances" include cases in which the consequences of a conviction subject a defendant to "special collateral effects which should be avoided in the interests of justice."

We have twice spoken on the question of the special circumstances that a district court may consider in imposing the unusual judicial measure of an order for a stay of adjudication over the objection of the prosecutor. The first opportunity was *Krotzer.* 548 N.W.2d 252. In *Krotzer* we upheld a stay of adjudication because the decision was well-supported by the "special circumstances" of Krotzer's case. *Id.* at 254. We noted the district court's strong disagreement with the prosecutor's decision to file charges against Krotzer, and

the court's belief that justice would not be served by giving Krotzer a criminal record as a predatory sex offender (the defendant was 19 years old and if adjudicated would have had to register as a predatory sex offender for having consensual sex with his 14–year–old girlfriend). *Id.* at 253–54. We said: "Under established separation of powers rules, absent evidence of selective or discriminatory prosecutorial intent, or an abuse of prosecutorial discretion, the judiciary is powerless to interfere with the prosecutor's charging authority." *Id.* at 254 (citing *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978)).

■ Six months after *Krotzer,* we held in *State v. Foss* that a stay of adjudication may be ordered "only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function." 556 N.W.2d 540, 541 (Minn.1996). We do not believe it is possible to read *Foss* as permitting a stay of adjudication whenever there are *either* special circumstances *or* an abuse of the charging function. There is no compelling reason to overturn our existing precedent. Therefore, we affirm the standard we announced in *Foss*—clear abuse of the prosecutorial charging function must be found by the court before it may order a stay of adjudication over the prosecutor's objection. Here, the district court found that there had been no abuse of discretion by the prosecutor in the charging function and, therefore, the stay of adjudication must be reversed.

Reversed and remanded to the district court for sentencing.

PAGE, Justice (concurring).

In *Foss,* we noted that:

In *Krotzer,* the defendant admitted to having consensual sexual intercourse with his 14–year–old girlfriend. Neither the girlfriend nor the girlfriend's mother wanted the prosecutor to file criminal charges against the defendant. Nonetheless, the prosecutor insisted on prosecuting the defendant for third-degree criminal sexual conduct. As we stated in our opinion, the trial court strongly disagreed with the prosecutor's decision and believed that it was totally inappropriate that the defendant be given a criminal record as a predatory sex offender, with the concomitant requirement that he register as a predatory sex offender.

*State v. Foss,* 556 N.W.2d 540, 540–41 (Minn.1996). On the basis of those facts, we also noted that "the circumstances in [*Krotzer*] constituted special circumstances warranting the unusual judicial action of staying adjudication of guilt over the prosecutor's objection and in the absence of statutory authority."[1] *Id.* We went on to state:

It was not our intention that mere disagreement by the trial court with the prosecutor's exercise of the charging discretion would constitute "special circumstances." Rather, it was our inten-

---

1. Other than noting that the trial court in *Krotzer* "disagreed with the prosecutor's decision" and that *Krotzer* would have received a criminal sentence requiring that he register as a predatory sex offender, we did not explain what constituted the prosecutor's "clear abuse of discretion" in the exercise of the charging function. *Foss,* 556 N.W.2d at 540–41. Thus, it appears that what ultimately constituted the special circumstances in *Krot-*

zer was the harsh result that would have occurred absent the stay of adjudication. Certainly, there was nothing about the offense itself that gave rise to the "special circumstances." Analytically, it is hard to see how the facts of this case, absent *Foss,* would yield a different result than *Krotzer.* As the trial court noted, the result that is likely to flow from Lee being convicted is not likely to "serve the public interest."

tion that the inherent judicial authority recognized in that case be relied upon *sparingly* and only for the purpose of avoiding an injustice resulting from the prosecutor's *clear abuse of discretion* in the exercise of the charging function. *Id.* at 541.

In light of the prosecutor's extremely broad discretion, by defining what constitutes "special circumstances" so narrowly in *Foss,* we effectively overruled *Krotzer.* Having done so *sub rosa* there, we should now remove the rose and do so explicitly here.