PAGE, Justice
(dissenting).
I respectfully dissent from that part of the court’s decision upholding[1]- the trial court’s requirement that members of the public provide photo identification in order to attend Taylor’s trial. In State v. Brown, we authorized trial courts to lock courtroom doors during the time when the jury is being instructed. 815 N.W.2d 609, 617-18 (Minn.2012). We extended our approval of locking the courtroom doors to closing arguments in State v. Silvernail, 881 N.W.2d 594, 600-01 (Minn.2013). Today we take another step in our march to limit the public’s access to our courtrooms. While I fully acknowledge my role in authoring the court’s decisions in both Brown and Silvemail, requiring members of the public to provide photo identification to enter a courtroom during trial is a bridge too far.[2] The dissent in State v. Silvernail, 831 N.W.2d 594, 607-09 (Minn.2013) (Anderson, Paul EL, J., dissenting), referred to the “recent phenomenon [of] ‘creeping courtroom closure.’ ” The trial court’s actions here and today’s decision leads me to conclude that the Silvemail dissent got it right. It is time to revisit our holdings in Brown and Silvemail.
Although we permitted the courtroom closures in Brown and Silvemail, we cautioned trial courts that “the act of locking courtroom doors ... creates the appearance that Minnesota’s courtrooms are closed or inaccessible to the public.” Brown, 815 N.W.2d at 618; see also Silvernail, 831 N.W.2d at 601 n. 2. We further noted that “[t]rial courts should therefore commit such acts carefully and sparingly” and that “[t]o facilitate appel *24 late review in future cases ... the better practice is for the trial court to expressly state on the record why the court is locking the courtroom doors.” Brown, 815 N.W.2d at 618; see also Silvernail, 831 N.W.2d at 601 n. 2. Our cautionary statement has not been followed, as evidenced by the fact that we have denied nine petitions for review since Brown that have challenged a trial court’s decision to close or lock the courtroom doors at various stages of the trial.[3]
I, like the court, am “extremely reluctant to overrule our precedent,” and I understand that-we require a “compelling reason” to do so. State v. Lee, 706 N.W.2d 491, 494 (Minn.2005). It is clear to me now, however, that the practice of closing courtrooms to the public has creeped “its way into the routine of many of Minnesota’s criminal courts.” Silvemail, 831 N.W.2d at 609 (Anderson, Paul H., J., dissenting). The breadth and scope of the closures that are occurring compel me to conclude that it is time to stop the creep.[4]
For these reasons, I respectfully dissent.

. The court asserts that it is not upholding the trial court’s photo identification order. But, when the court states: "[W]e have no constitutional ground for reversal,” it is, in fact, saying that the trial court’s photo identification order was not erroneous. Thus, the court is upholding the trial court's order. Otherwise, the court would not be saying that there is "no constitutional ground for reversal” because any error would be structural error requiring reversal. See State v. Bobo, 770 N.W.2d 129, 139 (Minn.2009) (explaining that denial of a defendant’s right to a public trial constitutes structural error); State v. Brown, Til N.W.2d 625, 630 (Minn.2007) ("Structural errors require automatic reversal because such errors ‘call into question the very accuracy and reliability of the trial process.' ” (quoting State v. Osborne, 715 N.W.2d 436, 447 n. 8 (Minn.2006))).

. In the same way that requiring voters to present photo identification in order to receive a ballot for an election has the potential to create an unconstitutional burden on the right to vote, see Veasey v. Abbott, 796 F.3d 487, 512 (5th Cir.2015) (holding that the voter-identification statute at issue had an impermissible discriminatory effect on Hispanics and African-Americans), requiring the public to present photo identification in order to enter a courtroom during trial has the potential to unconstitutionally burden a defendant’s right to a public trial.

. See State v. Hicks, 837 N.W.2d 51 (Minn. App.2013), rev. denied on courtroom closure (Minn. Nov. 13, 2013); State v. Mosby, A12-0988, 2013 WL 2923486 (Minn.App. June 17, 2013), rev. denied (Minn. Sept. 17, 2013); State v. Trautman, No. A12-0929, 2013 WL 2301796 (Minn.App. May 28, 2013), rev. denied (Minn. Aug. 6, 2013); State v. Richmond, No. A12-0899, 2013 WL 1942995 (Minn.App. May 13, 2013), rev. denied (Minn. July 16, 2013); State v. Perez-Martinez, No. All-2003, 2012 WL 5476112 (Minn.App. Nov. 13, 2012), rev. denied (Minn. Jan. 29, 2013); State v. Juma, No. All-2142, 2012 WL 4856158 (Minn.App. Oct. 15, 2012), rev. denied on courtroom closure, (Minn. Jan. 15, 2013); State v. Irby, 820 N.W.2d 30 (Minn.App.2012), rev. denied on courtroom closure (Minn. Nov. 20, 2012); State v. Cook, No. All-1332, 2012 WL 3263760 (Minn.App. Aug. 13, 2012), rev. denied (Minn. Oct. 24, 2012); State v. Thomas, No. All-1215, 2012 WL 3023335 (Minn.App. July 23, 2012), rev. denied (Minn. Oct. 16, 2012).

. The irony is not lost on me that, on one hand, the court is quick to permit trial courts to lock the courtroom doors or otherwise deny access to courtrooms to individual citizens; while on the other hand, the court is in haste to expand the use of video cameras in those same courtrooms in the name of public access and education, without regard to the harm that the expanded camera coverage may cause. See Promulgation of Amendments to the Minn. Gen. Rules of Prac., No. ADM09-8009, Mem. at 1-2 (Minn, filed Aug. 12, 2015) (Page, J., dissenting).