STATE OF MINNESOTA

IN SUPREME COURT

A24-0245

Court of Appeals                                                                        Procaccini, J.
                                                                            Took no part, Gaïtas, J.

State of Minnesota,

                                            Respondent,

vs.                                                                                    Filed: July 2, 2025
                                                                            Office of Appellate Courts

Jason Turner Johnson,

                                            Appellant.

_____

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant State Public Defender, Saint Paul, Minnesota, for appellant.

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Megan J. Kelly, Assistant County Attorney, Moorhead, Minnesota, for respondent.

_____

S Y L L A B U S

The State's right to appeal a jail credit determination following the revocation of probation and the execution of a stayed sentence arises by necessary implication from the State's express right to appeal a probation revocation decision under Minnesota Rule of Criminal Procedure 27.04, subdivision 3(4)(a).

Affirmed.

1

PROCACCINI, Justice.

This case prompts us to consider whether the State may appeal a district court's jail credit determination following a probation revocation decision. After the revocation of his probation and the execution of his stayed sentence, appellant Jason Turner Johnson requested jail credit for time spent in custody in both Minnesota and North Dakota. Respondent State of Minnesota opposed Johnson's request for out-of-state jail credit. The district court awarded Johnson full jail credit for time spent in custody in Minnesota and partial jail credit for time spent in custody in North Dakota. The State appealed, and Johnson filed a motion to dismiss the appeal, arguing that the State had no right to appeal a jail credit determination following the revocation of Johnson's probation and the execution of his stayed sentence. The court of appeals denied Johnson's motion and held that the State has the right to appeal a jail credit determination by necessary implication from its right to appeal "any sentence imposed or stayed by the district court" in a felony case. *See* Minn. R. Crim. P. 28.04, subd. 1(2).

We conclude that the State's right to appeal a jail credit determination following the revocation of probation and the execution of a stayed sentence arises by necessary implication from the State's express right to appeal a probation revocation decision under Minnesota Rule of Criminal Procedure 27.04, subdivision 3(4)(a). We therefore affirm on other grounds.

2

# FACTS

Early in 2021, the State charged Johnson with one count of burglary in the first degree, in violation of Minnesota Statutes section 609.582, subd. 1 (2024) (Count I), and one count of misdemeanor assault in the fifth degree, in violation of Minnesota Statutes section 609.224, subd. 1(2) (2024) (Count II), based on allegations that Johnson entered a family's apartment and fought with one of the tenants while Johnson was under the influence of drugs. The State later charged Johnson with an additional count of burglary in the second degree, in violation of Minnesota Statutes section 609.582, subd. 2(a)(1) (2024) (Count III).

Johnson pleaded guilty to Count III, burglary in the second degree. In exchange for his guilty plea, the State agreed to dismiss Counts I and II and to recommend a stay of execution of Johnson's sentence. In August 2021, the district court convicted Johnson of second-degree burglary, sentenced him to 28 months in prison, and stayed execution of the sentence, in keeping with the plea agreement. The district court also placed Johnson on probation for five years, subject to several conditions, including that he remain law abiding and contact his probation officer as directed.

In August 2023, Johnson's probation officer filed a probation violation report alleging that Johnson had violated the conditions of his probation that required him to remain law abiding and contact his probation officer as directed.[1] The report alleged that

---

[1] This was Johnson's fifth probation violation report. Following the four earlier reports, the district court held three probation revocation hearings and one sanctions conference. After each hearing, the district court reinstated Johnson on probation with the same conditions.

Johnson had been cited for indecent exposure in Minnesota, had failed to appear for court after a bench warrant was issued, had failed to meet with his probation officer, and had been arrested and held in custody in North Dakota for possession of drug paraphernalia.

At his probation revocation hearing, Johnson asked the district court to revoke his probation, execute his stayed sentence, and award him 135 days of jail credit for time he spent in custody in North Dakota on unrelated charges while awaiting transfer to Minnesota. The State opposed Johnson's request for out-of-state jail credit, arguing that Minnesota law did not allow it. The district court noted that the case law in this area was "confusing" but determined that "there [was] some reason to give some credit." The district court revoked Johnson's probation, executed his stayed sentence, and awarded him 60 days of out-of-state jail credit.

The State appealed the district court's jail credit award to the court of appeals. In its statement of the case, the State asserted that it was appealing under Minnesota Rule of Criminal Procedure 28.05, which sets forth the procedures for appealing a sentence "imposed or stayed" under the Minnesota Rules of Criminal Procedure.

Johnson moved to dismiss the State's appeal, arguing that Rule 28.05 does not allow the State to challenge a jail credit determination because this rule merely sets forth the procedures for appeals in criminal proceedings. Johnson also argued that the State did not have the right to appeal a jail credit determination under either Minnesota Rule of Criminal Procedure 28.04, subdivision 1(2), which allows the State to file appeals as of right "in felony cases, from any sentence imposed or stayed by the district court," or Minnesota Rule

4

of Criminal Procedure 27.04, subdivision 3(4)(a), which allows the State to "appeal [a probation] revocation decision."

The court of appeals denied Johnson's motion. *State v. Johnson*, 8 N.W.3d 243, 246 (Minn. App. 2024). In a special term opinion, the court of appeals concluded that the State's right to appeal a jail credit determination arises "by necessary implication" from the State's right to appeal "any sentence imposed or stayed by the district court" in a felony case under Rule 28.04, subdivision 1(2). *Johnson*, 8 N.W.3d at 246 (citations omitted) (internal quotation marks omitted). As a result, the court of appeals allowed the State's appeal to proceed.

Johnson filed a petition for further review in this court, seeking review of the court of appeals' opinion. While Johnson's petition was pending, the court of appeals released a second opinion reversing the district court's award of out-of-state jail credit. *State v. Johnson*, No. A24-0245, 2024 WL 3755896, at *3 (Minn. App. Aug. 12, 2024). Johnson filed a second petition for further review in this court, seeking review of the second court of appeals opinion.

We granted Johnson's first petition for further review and stayed review of his second petition pending resolution of the first. It is the issue from Johnson's first petition—regarding the State's right to appeal the district court's jail credit determination—that we resolve here.

**ANALYSIS**

Johnson argues that the court of appeals lacked jurisdiction over the State's appeal because the Minnesota Rules of Criminal Procedure do not authorize the State to appeal a

5

jail credit determination following the revocation of probation and the execution of a stayed sentence. Whether a court has jurisdiction over a matter presents a question of law that we review de novo. *State v. Lee*, 706 N.W.2d 491, 493 (Minn. 2005). Likewise, "[t]he interpretation of procedural rules is a question of law that we review de novo." *State v. Gray*, 987 N.W.2d 563, 566 (Minn. 2023).

"The ability of the State to appeal is limited." *State v. Rourke*, 773 N.W.2d 913, 923 (Minn. 2009). As we have long recognized, "the right of the state to appeal in criminal proceedings is contrary to common law." *In re Welfare of C.W.S.*, 267 N.W.2d 496, 498 (Minn. 1978). Accordingly, the State may appeal only if a statute or court rule expressly permits the appeal, or the issue " 'arise[s] by necessary implication' " from the State's express right to appeal. *Rourke*, 773 N.W.2d at 923 (quoting *C.W.S.*, 267 N.W.2d at 498). This court strictly construes the statutes and rules that authorize the State to appeal in criminal proceedings because such appeals are disfavored. *State v. Martinez-Mendoza*, 804 N.W.2d 1, 6 (Minn. 2011).

Johnson makes several arguments to support his position that the State may not appeal a jail credit determination following the revocation of probation and the related execution of a stayed sentence.[2] Because the State needs only one basis upon which to

---

[2] Johnson argues that the State's authority under Rule 28.04, subdivision 1(2), to appeal "any sentence imposed or stayed by the district court" in a felony case does not encompass the right to appeal the execution of a stayed sentence because the execution of a stayed sentence is not a "sentence imposed." *See Brouillette v. State*, 10 N.W.3d 24, 29 (Minn. 2024). Because we resolve this case under Rule 27.04, subdivision 3(4)(a), we need not consider whether Rule 28.04, subdivision 1(2), allows the State to appeal a jail credit determination, and we decline to do so.

6

ground its appeal, and we find that basis in Rule 27.04, subdivision 3(4)(a), we consider only Johnson's arguments related to that rule.[3]

Rule 27.04, subdivision 3(4)(a), provides that "[t]he defendant or the prosecutor may appeal [a probation] revocation decision." Johnson contends that this rule allows the State to appeal only a probation revocation decision—*not* the underlying sentencing decision and the related jail credit determination. In other words, Johnson asserts that, when a district court revokes probation and executes a stayed sentence, the State may challenge only the revocation of probation itself, not the resulting execution of the stayed sentence. Because the State did not appeal the "revocation decision" here, Johnson argues that the State's appeal was improper, and the court of appeals lacked jurisdiction to entertain it.

Although we strictly construe the rules allowing the State to appeal in criminal cases, our case law shows that Johnson reads Rule 27.04, subdivision 3(4)(a), too narrowly. In *State v. Barrientos*, we allowed the State to appeal an order amending an extension to a probationary period. 837 N.W.2d 294, 297, 304 (Minn. 2013). We determined that the State had the right to appeal the order under Rule 27.04, subdivision 3(4)(a), even though

---

[3]    We note that the State did not affirmatively argue that its right to appeal the jail credit determination here arises by necessary implication from its right to appeal a probation revocation decision under Rule 27.04, subdivision 3(4)(a). But as we have previously explained, "[w]e are not bound by the arguments made by the parties." *State v. Beganovic*, 991 N.W.2d 638, 644 n.2 (Minn. 2023) (citing *State v. Hannuksela*, 452 N.W.2d 668, 673 n.7 (Minn. 1990)). It is our responsibility "to decide cases in accordance with law, and that responsibility is not to be diluted by counsel's oversights, lack of research, failure to specify issues or to cite relevant authorities." *Hannuksela*, 452 N.W.2d at 673 n.7 (citation omitted) (internal quotation marks omitted).

the order did not revoke the probationer's probation. *Id.* at 304. Because we have already recognized that Rule 27.04, subdivision 3(4)(a), allows the State to appeal a probationary decision that is related to but distinct from the revocation of probation, we are not persuaded that the State's authority under Rule 27.04, subdivision 3(4)(a), is as limited as Johnson contends.

For the reasons that follow, we conclude that the State's right to appeal a jail credit determination following a probation revocation decision arises by necessary implication from the State's express right to appeal a "revocation decision" under Rule 27.04, subdivision 3(4)(a). We begin with an overview of the probation revocation process before explaining why this process implicates the jail credit determination.

Rule 27.04 sets forth the procedures for the revocation of probation. The rule provides that "[p]robation revocation proceedings must be initiated by a summons or warrant based on a written report . . . showing probable cause to believe a probationer violated probation." Minn. R. Crim. P. 27.04, subd. 1(1)(a). After a summons or warrant is issued, the district court must schedule a probation revocation hearing. *Id.*, subds. 2(4)(a), 3. Following the hearing, the district court may find that the probationer did or did not violate the conditions of their probation. *Id.*, subd. 3(2). If the court finds (or the probationer admits) a probation violation, the court may continue the probationer on probation or revoke probation. *See id.*, subd. 3(2)(b). If the court concludes that "the need for confinement outweighs the policies favoring probation," *State v. Modtland*, 695 N.W.2d 602, 606 (Minn. 2005), revokes probation, and executes the probationer's previously stayed sentence, then the district court "must pronounce credit for prior

8

imprisonment" and reduce the defendant's sentence by that amount of credit. Minn. Stat. § 609.145, subds. 2–3 (2024); *see also* Minn. R. Crim. P. 27.03, subd. 4(B) ("When pronouncing a sentence, the court must state the number of days spent in custody in connection with the offense or behavioral incident being sentenced.").

This order of operations persuades us that the State has a right to appeal a jail credit determination following the revocation of probation and the execution of a stayed sentence. As explained above, when a district court revokes probation and executes the probationer's sentence, it must determine whether the probationer is entitled to jail credit for time served in connection with the offense. *See* Minn. Stat. § 609.145, subds. 2–3; Minn. R. Crim. P. 27.03, subd. 4(B). Because the execution of a previously stayed sentence following the revocation of probation is inextricably linked to the determination of jail credit, we conclude that the State's right to appeal the jail credit determination here arises by necessary implication from the State's right to appeal a probation revocation decision under Rule 27.04, subdivision 3(4)(a). We therefore conclude that the court of appeals did not err by allowing the State's appeal to proceed.[4]

---

[4]     Although we affirm the result here, we do not endorse the court of appeals' reasoning. In concluding that the State's right to appeal a jail credit determination arises by necessary implication from its right to appeal a "sentence imposed or stayed," the court of appeals suggested that jail credit reduces an offender's term of imprisonment. *Johnson*, 8 N.W.3d at 246. We disagree. Jail credit reduces the amount of time an offender actually serves in prison, but it does not alter the "term of imprisonment" itself, which is fixed at the time of sentencing. *See* Minn. Stat. § 609.10, subd. 1(a)(2) (2024) (providing that the district court may sentence an offender "to imprisonment for a fixed term of years set by the court"); Minn. R. Crim. P. 27.03, subd. 4(B) (providing that the district court must reduce an offender's term of confinement by the "time spent in custody from a prior stay of imposition or execution of sentence"). Put differently, jail credit counts toward an

**CONCLUSION**

For the foregoing reasons, we affirm the decision of the court of appeals on other grounds.

Affirmed.


GAÏTAS, J., took no part in the consideration or decision of this case.

---

offender's *fulfillment* of their "term of imprisonment," because it represents the time that they have already spent in confinement in connection with the underlying offense. This interpretation is consistent with the purpose of jail credit, which is to ensure that an offender's term of confinement is commensurate with their culpability. *See* Minn. Sent. Guidelines 3.C.2.