595 N.W.2d 192 (1999)
STATE of Minnesota, Respondent,
v.
Douglas Dwayne VERSCHELDE, Appellant.
No. C5-98-613.
Supreme Court of Minnesota.
May 6, 1999.
John M. Stuart, State Public Defender, Lawrence Hammerling, Deputy State Public Defender, Minneapolis, Leonardo Castro, Chief Public Defender, Mankato, for appellant.
Michael A. Hatch, Atty. Gen., Robert A. Stanich, Asst. Atty. Gen., St. Paul, Ross E. Arneson, Blue Earth County Atty., Mankato, for respondent.
Heard, considered, and decided by the court en banc.

OPINION
BLATZ, C.J.
Appellant, Douglas Dwayne Verschelde, was charged with possession of a controlled substance in the fifth degree, and moved the trial court to dismiss the complaint on constitutional grounds. After the trial court denied appellant's motion to dismiss the complaint, appellant waived his right to a jury trial and submitted the case to the trial court on stipulated facts pursuant to the procedure we outlined in State v. Lothenbach, 296 N.W.2d 854, 857-58 (Minn.1980). The trial court stayed adjudication and imposed probationary requirements pursuant to Minn.Stat. § 152.18, subd. 1 (1998). Appellant subsequently filed an appeal in the court of appeals, seeking review of the trial court's order denying the motion to dismiss. The court of appeals dismissed the appeal, determining that a stay of adjudication is not *193 a final judgment or conviction appealable as of right under Minn. R.Crim. P. 28.02, subd. 2. See State v. Verschelde, 585 N.W.2d 429 (Minn. App.1998). We must now decide if, in the interest of justice, appellant is entitled to a right of appeal following a stay of adjudication entered pursuant to section 152.18, subd. 1.
The facts of this case are not in dispute. On November 17, 1995, appellant was discovered staggering around a Mankato parking lot. Appellant was detained by Officer Schmidt of the Mankato Police Department. Schmidt determined that appellant was intoxicated and unable to care for himself. Schmidt also concluded that it was necessary to transport appellant to a detoxification unit. Prior to transporting appellant, Schmidt searched appellant and found a black 35-mm film canister in his coat pocket. The canister contained a small amount of marijuana and several pills of alprazolam, also known as Xanax. Consequently, appellant was charged with one count of felony controlled substance crime in the fifth degree, Minn.Stat. § 152.025, subd. 2(1) (1998), and with one count of petty misdemeanor possession of a small amount of marijuana, Minn. Stat. § 152.027, subd. 4 (1998).
Appellant moved to dismiss the first count as a violation of his due process rights, arguing that alprazolam was not listed as a controlled substance in Minn.Stat. § 152.02 (1994). Section 152.02 provides a schedule of controlled substances, thus giving potential users notice of a substance's controlled status. The trial court denied appellant's motion, ruling that although alprazolam was not listed as a controlled substance in the statute, it was listed as a Schedule IV controlled substance under Minn. R. 6800.4240 (1995) prior to appellant's arrest, thus satisfying any due process requirements. In reaching its decision, the trial court relied on our decision in State v. King, 257 N.W.2d 693 (Minn.1977), which allowed the prosecution of a person for possession of a controlled substance listed in the regulatory rules, but not in the statute.
Following the trial court's denial of appellant's motion to dismiss, appellant waived his right to a jury trial and submitted the case to the trial court on stipulated facts pursuant to State v. Lothenbach, 296 N.W.2d at 857-58. Appellant signed a document entitled "Petition to Enter a Lothenbach Plea and Stipulation of Guilt in a Felony Case Pursuant to Rule 15." While appellant used a guilty plea form, he significantly modified it and removed most references to an actual plea of guilty. However, as the petition/stipulation and subsequent hearing transcript demonstrate, there was some confusion at the trial level regarding the Lothenbach procedure, as both the parties and the court frequently characterized appellant's Lothenbach stipulation as a guilty plea.
In paragraph 20 of the petition/stipulation document, appellant acknowledged that he had been told by his attorney and that he understood:
a. That [appellant's attorney] discussed this case with one of the prosecuting attorneys and that my attorney and the prosecuting attorney agreed that if I entered a plea of guilty, the prosecutor will do the following:[1]
Enter a plea/stipulation pursuant to State v. Lothenbach, 296 N.W.2d 854 (Minn.1980), to Count I: Possession of Controlled SubstanceFifth Degree (Felony) under the provisions of M.S. 152.18 Discharge and Dismissal. The State would dismiss Count IIPossession Small Amount of Marijuana Petty Misdemeanor. Pursuant to M.S. 152.18 the Court, without entering a judgment of guilty (stay adjudication of guilt) defer further proceedings and place defendant on probation upon such reasonable conditions as it may require. It is the joint recommendation of the State and *194 defense that no jail time be executed in this case. The conditions of the stay of adjudication will be suspended pending appeal. The attached stipulation is incorporated herein.
b. That if the court does not approve this agreement:
I[sic] I have an absolute right to then withdraw my plea of guilty and have a trial.
ii. Any testimony that I have given concerning the guilty plea could not be used against me unless I am charged with the crime of perjury based on this testimony.
The parties then appeared before the trial court on January 28, 1998, to present the petition/stipulation agreement to the court. At the hearing, appellant's attorney told the court that appellant "would enter under State v. Lothenbach a stipulated guilty plea to count one." The court then called appellant to the stand, and confirmed that appellant understood that he was entering a "plea." Following the questioning, the court accepted the petition and stipulation of facts as presented. After stating that "I'm specifically not accepting his plea of guilty or any of that," the court indicated that it would enter a stay of adjudication pursuant to section 152.18.
The terminology used in the petition/stipulation document and at the subsequent hearing reflects appellant's confusion regarding the effect of the Lothenbach procedure. Paragraph 20 conditions the terms of the agreement on the entering of a guilty plea, but one of the terms of the agreement is the entering of a Lothenbach stipulation. Similarly, at the hearing appellant offered to make a "stipulated guilty plea" pursuant to Lothenbach. As we discuss in the next section, the Lothenbach procedure specifically does not involve a guilty plea, making these statements contradictory and illogical.
Following the hearing, the trial court entered a stay of adjudication of guilt for five years pursuant to section 152.18, subd. 1. Section 152.18, subd. 1, operates independently from the Lothenbach procedure. It permits the trial court, with the offender's consent, to defer criminal proceedings for a first time drug offender and place the offender on probation with reasonable conditions imposed. Accordingly, with appellant's consent, the trial court stayed adjudication of guilt and ordered appellant to pay a $3,000 fine, complete a chemical treatment program with credit against the fine for costs incurred, and attend an Alcoholics Anonymous or Narcotics Anonymous program.
Appellant appealed the stay of adjudication to the court of appeals as a "final judgment," seeking review of the trial court's order denying appellant's motion to dismiss the first count of the complaint on the basis of a constitutional violation. The state filed a motion to dismiss the appeal, arguing that no final judgment had been entered. The court of appeals granted the state's motion to dismiss the appeal, determining that the stay of adjudication entered pursuant to section 152.18, subd. 1, was not an appealable final judgment. On a petition for further review, appellant now argues that this court should use its supervisory powers to create a right of appeal from a stay of adjudication entered pursuant to section 152.18, subd. 1. We will first discuss the Lothenbach procedure, and then address the substance of appellant's argument.

I.
Because of the confusion at the trial court level regarding the Lothenbach procedure, some discussion of the procedure is necessary. The Lothenbach court recognized that Minnesota, unlike some other states, did not allow a defendant to make a conditional guilty plea. Therefore, to preserve the right to appeal a pretrial issue, a defendant was required to plead not guilty, and then put himself and the state through *195 a jury trial, even if no material facts were in dispute. To respond to this inefficient use of judicial resources, the Lothenbach court set forth a procedure that preserves a defendant's right of appeal and avoids an otherwise unnecessary jury trial. The Lothenbach procedure calls "for the defendant to enter a plea of not guilty, waive his right to a jury trial, and then stipulate to the prosecution's case." Id. at 857 (relying on Lefkowitz v. Newsome, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975)). Thus, a Lothenbach stipulation can benefit a defendant by preserving the defendant's right of appeal.
In the instant case, appellant submitted his petition/stipulation after the trial court denied his motion to dismiss the complaint. It is clear that what appellant submitted was a waiver of his right to a jury trial and a stipulation of facts to support a finding of guilt pursuant to Lothenbach. However, perhaps because appellant used a modified rule 15 guilty plea form, or perhaps because a Lothenbach stipulation operates in some ways like other jurisdictions' stipulated guilty pleas, the parties and the trial court repeatedly and erroneously referred to appellant's Lothenbach stipulation as a "stipulated guilty plea." Regardless of the erroneous labeling used by the parties and trial court, appellant did not in fact plead guilty and the trial court did not accept a guilty plea. Equally clear on the record before us is the appellant's expectation that he was preserving his right to appeal the trial court's pretrial ruling, and the state's understanding that an appeal would follow.
Despite mislabeling the Lothenbach petition/stipulation as a guilty plea, appellant did in fact follow the procedure that we outlined in Lothenbach. Because he stipulated to the state's case with the full expectation of preserving a right of appeal, appellant now argues that this court should consider the interests of justice and judicial economy and grant him a right of appeal in the instant case.

II.
Appellant argues that this court should create a right of appeal following a stay of adjudication entered pursuant to section 152.18, subd. 1. Appellant acknowledges that the court of appeals is not required to hear such an appeal because a stay of adjudication is not considered a final judgment from which a criminal defendant may appeal as of right. Cf. State v. Thoma, 571 N.W.2d 773 (1997), reported at 571 N.W.2d 773 (Minn.1997) (table), aff'g 569 N.W.2d 205, 207-08 (Minn.App.1997); Minn.R.Crim. P. 28.02, subd. 2. Thus, appellant argues that this court should consider the interests of justice and judicial economy and exercise its supervisory powers to create a right of appeal in the present case.
We begin our discussion of appellant's argument by looking to the Minnesota Rules of Criminal Procedure. Rule 28.02, subd. 2(1), provides that criminal defendants may only appeal as of right from an adverse final judgment:
Final Judgment and Postconviction Appeal. A defendant may appeal as of right from any adverse final judgment * * *. A judgment shall be considered final within the meaning of these rules when there is a judgment of conviction upon the verdict of a jury or the finding of the court, and sentence is imposed or the imposition of sentence is stayed.
Similarly, rule 28.02, subd. 2(2), does not allow a criminal defendant to appeal a trial court order until "final judgment adverse to the defendant has been entered by the trial court."[2]
We next look to the statutory language of section 152.18, subd. 1, and earlier court decisions regarding appeals from stays of adjudication. Section 152.18, subd. 1, expressly provides that a stay of *196 adjudication is not "a judgment of guilty." Rather, a stay of adjudication is considered a pretrial order for purposes of appeal. See Thoma, 569 N.W.2d at 207-08. In Thoma, the state had sought appeal of a stay of adjudication in a nonfelony case. We affirmed the court of appeals' conclusion that a stay of adjudication is a pretrial order, not a final judgment or sentence, and thus appealable by the state as of right even in nonfelony cases. Thoma, 571 N.W.2d 773; see also Thoma, 569 N.W.2d at 207-08 (citing Minn. R.Crim. P. 28.04, subd. 1).
Thus, under Minn. R.Crim. P. 28.02, subd. 2, and Minn.Stat. § 152.18, subd. 1, the court of appeals is not required to hear a defendant's appeal from a stay of adjudication. Rule 28.02, subd. 2, provides an appeal of right for a defendant only after a final judgment, and a stay of adjudication entered pursuant to section 152.18, subd. 1, is not a final judgment.
Nonetheless, while the court of appeals is not required to hear appeals from stays of adjudication, it is not in any way prohibited from hearing such appeals. The court of appeals has jurisdiction to hear a discretionary appeal when it "deems necessary in the interests of justice" to do so. Metropolitan Airports Comm'n v. Metropolitan Airports Police Fed'n, 443 N.W.2d 519, 523 (Minn.1989); see also Minn. R.Crim. P. 28.02, subd. 3. If the court of appeals declines to hear a discretionary appeal, we may entertain such a petition. Metropolitan Airports Comm'n, 443 N.W.2d at 523.
Acknowledging that the rules of criminal procedure and prior court decisions do not require appellate courts to hear a defendant's appeal from a stay of adjudication, appellant argues that courts should be required to do so in the interests of justice and judicial economy. Essentially, appellant claims that because the Lothenbach procedure was developed by this court and used by appellant in the instant case for the purpose of preserving a right of appeal, fairness dictates that appellant not lose his right to appeal because adjudication was stayed. This argument is not persuasive, however, because it ignores the fact that a stay of adjudication entered pursuant to section 152.18, subd. 1, is consented to by the defendant.
Finally, each party advances a judicial economy argument in support of their respective positions. Appellant argues that denying defendants a right of appeal following a stay of adjudication will only encourage unnecessary jury trials and undermine the interest of judicial economy. In direct contrast, the state argues that allowing a right of appeal would be inefficient in that it would give some defendants the right to two separate appeals. The state bases this argument on the fact that under a stay of adjudication, the defendant is eventually discharged and the case dismissed if the conditions of the probation are met. Thus, an appeal may be unnecessary. However, if the conditions of probation are violated, the stay may be vacated and a conviction entered. The defendant would then have a right of appeal following conviction. Therefore, if defendants were given the right to appeal following a stay of adjudication, they could conceivably have two direct appeals. While both parties' arguments have merit, we conclude that in the interests of judicial economy, piecemeal litigation should be discouraged.
In summary, we hold that the interests of fairness and judicial economy do not support the creation of a broad rule establishing an appeal as of right following a stay of adjudication entered pursuant to section 152.18, subd. 1. When a defendant consents to a stay of adjudication, he waives his right to an appeal. Should a case arise where fairness warrants an appeal, a defendant is not prohibited from filing a discretionary appeal pursuant to Minn. R.Crim. P. 28.02, subd. 3.
While we decline to create a right of appeal under these circumstances, we recognize that in the case before us there was confusion at the trial court regarding appellant's *197 right of appeal following a stay of adjudication. Because a stay of adjudication entered pursuant to section 152.18, subd. 1, is conditioned on appellant's consent, we are troubled by the fact that appellant's unobjected to understanding of the agreement was that he was preserving a right to appeal a pretrial issue. Therefore, we remand the case to the trial court to allow appellant to withdraw his consent to the stay of adjudication if he so chooses.
Affirmed and remanded.
NOTES
[1] It should be noted that while this paragraph states that an agreement was made between the state and appellant, the state did not in fact sign or submit the document.
[2] Minn. R.Crim. P. 28.02, subd. 2(2), provides several exceptions to this rule, none of which are applicable to the instant case.