Marlette Lea SMITH, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C8–99–2088.

Court of Appeals of Minnesota.

July 18, 2000.

Review Denied Sept. 26, 2000.

---

John M. Stuart, State Public Defender, Chad M. Oldfather, Assistant Public Defender, Minneapolis, for appellant.

Mike Hatch, Attorney General, Robert A. Stanich, Kelly O'Neill Moller, Assistant Attorneys General, St. Paul; and Lisa Borgen, Clay County Attorney, Moorhead, for respondent.

Considered and decided by DAVIES, Presiding Judge, HALBROOKS, Judge, and HUSPENI, Judge *.

## OPINION

DORIS O. HUSPENI, Judge.

On appeal from the denial of a petition for postconviction relief, appellant Marlette Lea Smith argues that the postconviction court erred in concluding that postconviction relief was unavailable to her. Although we rely on an analysis different from that of the district court, there was

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

no error in denial of postconviction relief, and we affirm.

## FACTS

Appellant Marlette Smith was charged by complaint with one count of fifth-degree controlled substance crime in violation of Minn.Stat. § 152.025, subd. 2(1) (1994). Smith filed a pretrial motion to suppress her two statements to police and evidence discovered in her purse during a search of her friend's residence. Following an omnibus hearing, the district court denied Smith's motion to suppress her initial statement to police, granted her motion to suppress her second statement to police, and denied her motion to suppress the evidence discovered in her purse.

The parties submitted the case to the district court for a decision based on stipulated facts. The district court found Smith guilty as charged, stayed the adjudication of guilt pursuant to Minn.Stat. § 152.18, subd. 1 (1998), and placed Smith on probation for up to five years. Smith appealed to this court, challenging the district court's denial of her motion to suppress her initial statement to police and the evidence discovered in her purse. This court dismissed the appeal pursuant to *State v. Verschelde*, 595 N.W.2d 192 (Minn.1999), and denied Smith's request to extend discretionary review. *State v. Smith*, No. C7-98-841 (Minn.App. June 4, 1999), *review denied* (Minn. Aug. 25, 1999).

Smith then filed a petition for postconviction relief, requesting that the district court vacate its finding of guilt and adjudicate her not guilty based on the allegedly unconstitutional search of her purse. The district court denied Smith's petition, stating that "this issue was or could have been raised at the time of [Smith's] direct appeal." The district court also addressed Smith's suppression issue on its merits and determined that there had been no violation of her constitutional rights. This appeal followed.

## ISSUE

May a defendant seek postconviction relief from a stay of adjudication entered pursuant to Minn.Stat. § 152.18, subd. 1 (1998)?

## ANALYSIS

Statutory interpretation is a question of law subject to de novo review. *State v. Coauette*, 601 N.W.2d 443, 445 (Minn.App.1999), *review denied* (Minn. Dec. 14, 1999). We conclude that the resolution of this appeal rests on interpretation of Minn.Stat. § 590.01 (Supp.1999); therefore, we need not address either of the bases relied upon by the postconviction court in denying relief.

Postconviction relief is available only to "a person convicted of a crime." Minn.Stat. § 590.01, subd. 1. Smith argues that a stay of adjudication should be considered a conviction for purposes of Minn. Stat. § 590.01. We disagree. A stay of adjudication functions in effect as a continuance for dismissal and for purposes of appellate review is treated as a pretrial order. *State v. Verschelde*, 595 N.W.2d 192, 196 (Minn.1999); *State v. Thoma*, 569 N.W.2d 205, 208 (Minn.App.), *aff'd*, 571 N.W.2d 773 (Minn.1997). Therefore, the *Verschelde* court held that a defendant does not have an appeal as of right from a stay of adjudication. 595 N.W.2d at 196. There is no basis for treating a stay of adjudication differently for purposes of postconviction relief.

As the *Verschelde* court explained, a stay of adjudication cannot result in a conviction unless a defendant violates the conditions of probation. *Id.* at 195–96. If a defendant meets the probation conditions, the defendant is discharged and the case dismissed. *Id.* at 196; Minn.Stat. § 152.18, subd. 1 (1998).

Smith urges that a stay of adjudication under section 152.18 is, in fact, a conviction, and, therefore, she should be entitled to bring a postconviction petition. We will not strain to place such an interpretation upon the language of this statute, which provides that discharge and dismissal under Minn.Stat. § 152.18, subd. 1, "shall be without court adjudication of guilt" and "shall not be deemed a convic-

tion for purposes of disqualifications or disabilities imposed by law upon conviction of a crime or for any other purpose." Minn.Stat. § 152.18, subd. 1. Because Minn.Stat. § 590.01, subd. 1, applies only to "a person convicted of a crime" and because no conviction can result from a stay of adjudication unless a defendant violates her probation conditions, we hold that a defendant may not seek postconviction relief from a stay of adjudication.[1]

■■■ We decline to extend discretionary review to Smith's constitutional claim. Although a stay of adjudication can have collateral consequences in that Minn.Stat. § 152.18, subd. 1, does not permit a person to receive a second stay of adjudication, a stay of adjudication requires a defendant's consent. Minn.Stat. § 152.18, subd. 1; *Verschelde*, 595 N.W.2d at 196. We recognize that the *Verschelde* decision was released after Smith had received her stay of adjudication and that before release of *Verschelde* there was some uncertainty regarding the right to appeal from a stay of adjudication. *See Verschelde*, 595 N.W.2d at 196–97 (noting confusion about right to appeal and remanding to allow defendant to withdraw consent to stay of adjudication). Nonetheless, if Smith had concerns about the consequences of the stay of adjudication, she could have declined to accept it. Further, since the dismissal of her first appeal, Smith has not sought to withdraw her consent to the stay of adjudication, and she is not seeking such relief in this appeal. She is, therefore, bound by the stay of adjudication.

## DECISION

The postconviction court properly denied Smith's petition for postconviction relief.

**Affirmed.**

---

1. If Smith violates her probation conditions and a conviction is entered against her, she will have the right to raise her constitutional claim in a direct appeal from the conviction. *See Verschelde*, 595 N.W.2d at 196.