# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-0456

Amanda Jean Lunzer, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed February 1, 2016**
**Affirmed**
**Kirk, Judge**

Dakota County District Court
File No. 19-KX-07-002696

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, Chip Granger, Assistant County Attorney, Hastings, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

# S Y L L A B U S

A stay of adjudication entered pursuant to Minn. Stat. § 152.18, subd. 1 (2006),[1] is not a conviction for purposes of seeking postconviction relief.

---

[1] Minn. Stat. § 152.18 is essentially unchanged. It was amended in 2012 to add an eligible crime. *See* 2012 Minn. Laws ch. 240, § 2, at 788.

## OPINION

**KIRK**, Judge

Appellant Amanda Jean Lunzer challenges the denial of her petition for postconviction relief without an evidentiary hearing, arguing that she is entitled to withdraw her guilty plea to fifth-degree possession of a controlled substance due to testing deficiencies at the St. Paul Police Department Crime Lab (SPPDCL). On the question of subject-matter jurisdiction, she argues that her stay of adjudication should be considered a conviction for purposes of postconviction relief, and, if not, that this court should exercise discretionary review due to the collateral consequences of the stay under Minn. Stat. § 152.18, subd. 1, related to subsequent controlled substance offenses. We affirm, because we conclude that the district court lacked jurisdiction to consider the petition.

### FACTS

In December 2007, appellant pleaded guilty to fifth-degree controlled-substance crime pursuant to a plea agreement pursuant to Minn. Stat. § 152.18, subd. 1, which functions as a stay of adjudication. The district court found that there was a sufficient factual basis for the plea, did not formally accept it, and stayed adjudication.

In October 2010, the district court discharged appellant from probation and dismissed the charge. In July 2014, appellant filed a petition for postconviction relief, seeking to withdraw her plea based upon testing deficiencies discovered at the SPPDCL. The district court denied postconviction relief without a hearing, concluding that the petition was time-barred and that no exception applied.

2

This appeal followed. We raised the issue of the postconviction court's jurisdiction sua sponte, via an order for further briefing. *See State v. Hannuksela*, 452 N.W.2d 668, 673 n.7 (Minn. 1990); *In re Welfare of M.J.M.*, 766 N.W.2d 360, 364 (Minn. App. 2009) ("[L]ack of subject-matter jurisdiction may be raised at any time by the parties or sua sponte by the court, and cannot be waived by the parties."), *review denied* (Minn. Aug. 26, 2009).

## ISSUE

Having received a stay of adjudication and dismissal, was appellant "convicted" such that she may seek postconviction relief?

## ANALYSIS

Postconviction relief is available to "a person convicted of a crime." Minn. Stat. § 590.01, subd. 1 (2012). Statutory interpretation is a question of law subject to de novo review. *See State v. Riggs*, 865 N.W.2d 679, 682 (Minn. 2015). We also review questions regarding the jurisdiction of state courts de novo. *State v. Barrett*, 694 N.W.2d 783, 785 (Minn. 2005).

Minn. Stat. § 152.18, subd. 1, permits a district court to stay adjudication of guilt for first-time offenders who are found guilty of or plead guilty to certain controlled-substance offenses. If the defendant and the offense meet the specified criteria, the statute authorizes the court to,

> without entering a judgment of guilty and with the consent of the person, defer further proceedings and place the person on probation upon such reasonable conditions as it may require and for a period, not to exceed the maximum sentence provided for the violation. . . . Upon violation of a condition of the

probation, the court may enter an adjudication of guilt and proceed as otherwise provided.

Minn. Stat. § 152.18, subd. 1.  If a defendant completes the probationary period without violating any of the conditions, "the court shall discharge the person and dismiss the proceedings against that person." *Id.*  The statute further specifies that "[d]ischarge and dismissal under this subdivision shall be without court adjudication of guilt." *Id.*

Appellant argues that postconviction relief should be available in this matter even though she received a stay of adjudication, she was discharged from probation, and her case was dismissed, because she is currently charged with a controlled-substance crime, the potential consequences of which are increased as if she were convicted in this matter.[2] *See* Minn. Stat. § 152.01, subd. 16(a) (2014) (treating receipt of a disposition for a felony-level offense under section 152.18, subdivision 1, the same as a conviction for purposes of determining whether a person has committed a "subsequent controlled substance conviction").  The state asserts that we have "jurisdiction to consider the stay of adjudication as a sentencing appeal under the rules of criminal procedure," citing *State v. Manns*, 810 N.W.2d 303, 303 (Minn. 2006).  Neither of these arguments is availing.

In *Smith v. State*, 615 N.W.2d 849, 851-52 (Minn. App. 2000), *review denied* (Minn. Sept. 26, 2000), we held that a stay of adjudication entered pursuant to Minn. Stat. § 152.18, subd. 1, could not be considered a conviction for purposes of seeking postconviction relief, and therefore Smith was not entitled to do so.  *Smith* relied upon the Minnesota Supreme Court's decision in *State v. Verschelde*, 595 N.W.2d 192, 195-96 (Minn. 1999), which held

---

[2] We note that the record does not contain evidence of a subsequent charge.

4

that, because a stay of adjudication is not an "adverse final judgment," the defendant had no appeal of right under Minn. R. Crim. P. 28.02, subd. 2. *See* Minn. R. Crim. P. 28.02, subd. 2(1) (defining a "final judgment" as "when the district court enters a judgment of conviction and imposes or stays a sentence"). In *Verschelde*, the supreme court also declined to hear the case as a discretionary appeal under Minn. R. Crim. P. 28.02, subd. 3, noting that a defendant must consent to a stay of adjudication and that "piecemeal litigation" may result if a defendant has a right of appeal both after a stay of adjudication and if a conviction is later entered in the same matter. 595 N.W.2d at 196-97.

The law regarding appeals following stays of adjudication has evolved since *Verschelde* and *Smith*, but we have not yet revisited the question of a district court's ability to consider a petition for postconviction relief after it has stayed adjudication. Both the supreme court and this court have clarified that stays of adjudication in *felony* cases are directly appealable as sentences. *See Manns*, 810 N.W.2d at 303 ("[a]ppeals from stays of adjudication in felony cases are to be treated as appeals from sentencings, from which an appeal [of right] may be taken as provided in Minn. R. Crim. P. 28.02, subd. 2, and 28.04, subd. 1"); *State v. Allinder*, 746 N.W.2d 923, 924-25 (Minn. App. 2008) (same, in a case involving a defendant's right to appeal, relying on *Manns*); *see also State v. Lee*, 706 N.W.2d 491, 493-95 (Minn. 2005) (holding that stay of adjudication in nonfelony case was a pretrial order that was appealable by state, despite imposition of jail time, relying on *Verschelde*). Because these cases did not involve petitions for postconviction relief, they do not affect the holding in *Smith*.

More recently, and importantly here, the Minnesota Supreme Court ruled in *Dupey v. State*, 868 N.W.2d 36, 39-41 (Minn. 2015), that, when the court grants a stay of adjudication under Minn. Stat. § 152.18, subd. 1, there is no "judgment of conviction or sentence" triggering the statute of limitations for filing a petition for postconviction relief. *See* Minn. Stat. § 590.01, subd. 4(a) (2012) ("No petition for postconviction relief may be filed more than two years after the later of: (1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal."). The supreme court explained that, because there is no adjudication of guilt when the district court stays adjudication under Minn. Stat. § 152.18, subd. 1, there is, by definition, no "judgment of conviction." *Dupey*, 868 N.W.2d at 39 (citing Minn. R. Crim. P. 27.03, subd. 8 (providing that a "judgment of conviction must contain the plea, verdict, adjudication of guilt, and sentence")).

In determining that such a stay of adjudication is not a "sentence" for purposes of Minn. Stat. § 590.01, subd. 4(a)(1), the court reasoned that both the common and technical definitions of the word "refer to the imposition of punishment *following* a criminal conviction or adjudication of guilt," and a stay of adjudication under Minn. Stat. § 152.18, subd. 1, "does not result in an adjudication of guilt or a conviction." *Id.* at 40. The supreme court explained that, under Minn. Stat. § 609.02, subd. 5, a conviction requires that the court accept and record the guilty plea, guilty verdict, or finding of guilt by the court, and the guilty plea is only recorded when the court "'*adjudicat[es] the defendant guilty* on the record.'" *Id.* at 40 n.2 (quoting *State v. Martinez–Mendoza*, 804 N.W.2d 1, 6 (Minn.

2011)). Therefore, it concluded, "when adjudication is stayed under section 152.18, there is no conviction." *Id.*

Because a stay of adjudication under Minn. Stat. § 152.18, subd. 1, is not a conviction for purposes of the postconviction relief statute of limitations, it clearly follows that a person who receives such a stay is not "convicted of a crime" for purposes of Minn. Stat. § 590.01, subd. 1. Hence, such a person cannot seek postconviction relief.

In the alternative, appellant urges this court to exercise discretionary review, which allows us to review otherwise unappealable orders "in the interests of justice," following a petition within 30 days of the order. *See* Minn. R. Crim. P. 28.02, subd. 3; Minn. R. Civ. App. P. 105.01. When deciding whether to grant discretionary review, we consider a number of factors, including whether the ruling is questionable or involves an unsettled area of the law, the impact of the ruling on the parties' ability to proceed, the importance of the legal issue presented, whether the legal issue would evade review if review is deferred until the underlying case has been decided, and any special circumstances presented by the case. *See Gordon v. Microsoft Corp.*, 645 N.W.2d 393, 399-402 (Minn. 2002); *Doe 175 ex rel. Doe 175 v. Columbia Heights Sch. Dist., ISD No. 13*, 842 N.W.2d 38, 47 (Minn. App. 2014).

Appellant argues that the collateral consequence of the more serious subsequent controlled-substance charge is especially troublesome in light of the discovery that SPPDCL test results may be unreliable. We conclude that she is not entitled to discretionary review. First, she did not make her request within 30 days after entry of the

order denying postconviction relief. *See* Minn. R. Crim. P. 28.02, subd. 3; Minn. R. Civ. App. P. 105.01. Second, review is not in the interests of justice. *See id.*

*Smith* considered whether to grant discretionary review due to the same potential collateral consequence, and declined. *See Smith*, 615 N.W.2d at 852. There, we reasoned that a stay of adjudication requires a defendant's consent. *Id.* We also noted that Smith had not sought to withdraw that consent, either before the district court or on appeal. *Id.* Although appellant has moved to withdraw her plea in this case, the main reasoning for declining discretionary review in *Smith* still applies. Further, in December 2007, when appellant agreed to the stay of adjudication, the availability of postconviction relief following a stay of adjudication under Minn. Stat. § 152.18, subd. 1, was at least questionable, due to *Smith*. Therefore, appellant was on notice that, should there be a development such as the discovery of testing deficiencies at the SPPDCL, she may be unable to shield herself from any collateral consequences through postconviction relief.

## D E C I S I O N

Because appellant was not convicted of a crime for purposes of Minn. Stat. § 590.01, subd. 1, the district court lacked jurisdiction to consider her petition for postconviction relief and properly denied it without an evidentiary hearing.

**Affirmed.**