*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1193**

Mark Jeffrey Koelndorfer, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 2, 2016
Affirmed
Cleary, Chief Judge**

Ramsey County District Court
File No. 62-CR-11-8703

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Jesson, Presiding Judge; Cleary, Chief Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CLEARY**, Chief Judge

Appellant Mark Jeffrey Koelndorfer challenges the district court's denial of his petition for postconviction relief. Appellant seeks to withdraw his guilty plea to a fifth-

degree controlled-substance offense based on theories relating to the adequacy of testing performed by the St. Paul Police Department Crime Laboratory (SPCL). Because appellant received a stay of adjudication, which is not a conviction for the purposes of seeking postconviction relief, the district court did not have jurisdiction over the petition. We affirm.

## FACTS

On October 2, 2011, appellant was arrested for disorderly conduct. During the search incident to arrest, police discovered 13 yellow pills later tested by the SPCL. SPCL determined that the pills were clonazepam, a schedule IV controlled substance. Appellant was charged with one count of controlled-substance crime in the fifth degree in violation of Minn. Stat. § 152.025, subd. 2(a)(1) (2010).

On April 9, 2012, appellant pleaded guilty to this charge. He admitted to possessing the clonazepam and that he did not have a prescription for it. He did not dispute that the pills were clonazepam. Pursuant to the plea agreement and Minn. Stat. § 152.18 (2010), the district court ordered a stay of adjudication and five years probation as to the controlled-substance charge. On July 18, 2014, the district court found that appellant had successfully complied with the terms of probation and should be "discharged from probation without an adjudication of guilt."

On the same day, appellant submitted a petition for postconviction relief seeking to withdraw his guilty plea. The petition argued that appellant should be permitted to withdraw his guilty plea based on several theories relating to the adequacy of SPCL's testing procedures.

2

On June 25, 2015, the district court denied the petition. The court found that "the two-year time limit for the filing of postconviction relief expired" before appellant filed the petition, and therefore the petition was untimely. The court also found that the interests of justice did not require that it review the petition. This appeal followed.

## DECISION

The parties' briefs do not address the issue of subject-matter jurisdiction. However, this court must determine whether the district court had subject-matter jurisdiction to hear appellant's petition for postconviction relief.

We review questions of state court jurisdiction de novo. *State v. Barrett*, 694 N.W.2d 783, 785 (Minn. 2005). "When a court does not have the authority to hear and determine a particular class of actions and the particular questions that the court assumes to decide, the court lacks subject-matter jurisdiction." *Vang v. State*, 788 N.W.2d. 111, 117 (Minn. 2010). "[L]ack of subject-matter jurisdiction may be raised at any time by the parties or sua sponte by the court, and cannot be waived by the parties." *In re Welfare of M.J.M.*, 766 N.W.2d 360, 364 (Minn. App. 2009), *review denied* (Minn. Aug. 26, 2009).

Minn. Stat. § 152.18, subd. 1, permits a district court to stay an adjudication of guilt for first-time offenders who are found guilty of or plead guilty to specified controlled-substance offenses. In such circumstances, a district court "may, without entering a judgment of guilty and with the consent of the person, defer further proceedings and place the person on probation upon such reasonable conditions as it may require and for a period, not to exceed the maximum sentence provided for the violation." Minn. Stat. § 152.18, subd. 1. If a defendant concludes the probationary period without violating any of the

conditions, "the court shall discharge the person and dismiss the proceedings against that person." *Id.* The statute provides that discharge and dismissal under subdivision 1 "shall be without court adjudication of guilt." *Id.*

Postconviction relief is available to "a person convicted of a crime." Minn. Stat. § 590.01, subd. 1 (2014). This court has held that a stay of adjudication is not a conviction for the purposes of seeking postconviction relief. *Smith v. State*, 615 N.W.2d 849, 851 (Minn. App. 2000), *review denied* (Minn. Sept. 26, 2000). Therefore a stay of adjudication does not entitle a defendant to seek postconviction relief. *Id.*

We reaffirmed this conclusion in *Lunzer v. State*, where an appellant challenged the denial of her petition for postconviction relief seeking to withdraw a guilty plea based on arguments related to testing deficiencies at the SPCL. __ N.W.2d __, __, 2016 WL 363442, at *1 (Minn. App. Feb. 1, 2016). Lunzer had pleaded guilty to fifth-degree possession of a controlled substance, and the district court granted her a stay of adjudication under section 152.18, subd. 1. *Id.* On appeal from the denial of postconviction relief, this court sua sponte raised the issue of the district court's subject-matter jurisdiction. *Id.* This court concluded that the postconviction court could not exercise subject-matter jurisdiction over the petition. The *Lunzer* court stated:

> Because a stay of adjudication under Minn. Stat. § 152.18, subd. 1, is not a conviction for purposes of the postconviction relief statute of limitations, it clearly follows that a person who receives such a stay is not "convicted of a crime" for purposes of Minn. Stat. § 590.01, subd. 1. Hence, such a person cannot seek postconviction relief.

*Lunzer*, 2016 WL 363442, at *4.

4

This case is very similar to *Lunzer*. The defendants in both cases pleaded guilty to a fifth-degree controlled-substance offense, received stays of adjudication, were discharged from probation, and had their cases dismissed. Both then sought postconviction relief based on the SPCL's testing deficiencies. Because appellant received a stay of adjudication and the charge was later dismissed, he was never convicted of a crime for the purposes of Minn. Stat. § 590.01, subd. 1. Under *Lunzer*, the postconviction court did not have jurisdiction to hear appellant's petition for relief and therefore did not err by denying the petition.

Moreover, defendants who receive a stay of adjudication for certain controlled-substance crimes, including violation of Minn. Stat. § 152.025, may seek expungement of their criminal records. Minn. Stat. § 609A.02, subd. 1 (2014). Such defendants "may petition under section 609A.03 for the sealing of all records relating to the arrest, indictment or information, trial, and dismissal and discharge." *Id.* Although appellant cannot seek postconviction relief, he, and other similarly situated defendants, may be eligible to petition for expungement of all records.

**Affirmed.**