*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1762**

Crystal Louise Breezee, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 6, 2016
Affirmed
Cleary, Chief Judge**

Ramsey County District Court
File No. 62-CR-11-7864

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Cleary, Chief Judge; and Ross, Judge.

UNPUBLISHED OPINION

**CLEARY**, Chief Judge

Appellant Crystal Louise Breezee challenges the district court's denial of her petition for postconviction relief. Appellant petitioned to withdraw her guilty plea to fifth-degree controlled-substance crime based on several theories relating to the validity of testing performed by the St. Paul Police Department Crime Laboratory (SPPDCL). Because appellant received a stay of adjudication, which is not a conviction in the context of Minn. Stat. § 590.01 (2010), she was not eligible to seek postconviction relief. We affirm.

## FACTS

On January 28, 2011, appellant was pulled over in her vehicle for having no front license plate. In response to questioning, appellant showed police officers a small plastic bag that the officers suspected to contain methamphetamine. The substance was later tested by SPPDCL, which determined it was methamphetamine. Appellant was charged with violation of controlled-substance law in the fifth degree under Minn. Stat. § 152.025, subd. 2(a)(1) (2010). Appellant pleaded guilty to the offense. The district court accepted the plea but granted a stay of adjudication pursuant to Minn. Stat. § 152.18 (2010) and placed appellant on probation for five years.

On July 18, 2014, appellant filed a petition for postconviction relief seeking to withdraw the guilty plea based on testing deficiencies at the SPPDCL. While the petition for postconviction relief was pending before the district court, appellant committed probation violations. On August 14, 2014, appellant pleaded guilty to misdemeanor

driving after cancellation and gross misdemeanor theft, and, on October 20, 2014, appellant pleaded guilty to misdemeanor theft. In response to the probation violations, on January 27, 2015, the district court released an order vacating appellant's stay of adjudication of guilt as to the controlled-substance crime. However, the court did not enter a conviction.

On October 20, 2015, the district court denied the petition for postconviction relief, holding that the "two-year time limit for the filing of [postconviction relief] expired" and none of the exceptions to this time limit applied. Appellant now challenges the denial of her petition for postconviction relief.

## D E C I S I O N

Statutory interpretation is a question of law subject to de novo review. *State v. Riggs*, 865 N.W.2d 679, 682 (Minn. 2015). Although the parties' briefs do not discuss it, this court must address the threshold issue of whether appellant was eligible under Minn. Stat. § 590.01 to seek postconviction relief. *See State v. Watson*, 829 N.W.2d 626, 633 n.2 (Minn. App. 2013) ("We need not accept a party's concession when the party makes a concession of a threshold issue that presents a question of law."), *review denied* (Minn. June 26, 2013).

Based on her guilty plea to fifth-degree controlled-substance offense, the district court granted appellant a stay of adjudication. A district court may stay an adjudication of guilt for first-time offenders who are found guilty of or plead guilty to specified controlled-substance offenses. Minn. Stat. § 152.18, subd. 1. In that circumstance, a district court "may, without entering a judgment of guilty and with the consent of the person, defer

3

further proceedings and place the person on probation upon such reasonable conditions as it may require and for a period, not to exceed the maximum sentence provided for the violation." *Id.*

Appellant challenges the district court's denial of her petition for postconviction relief. Postconviction relief is available to "a person convicted of a crime." Minn. Stat. § 590.01, subd. 1. A stay of adjudication is not a conviction, but rather "functions in effect as a continuance for dismissal and for purposes of appellate review is treated as a pretrial order." *Smith v. State*, 615 N.W.2d 849, 851 (Minn. App. 2000), *review denied* (Minn. Sept. 26, 2000); *see also Dupey v. State*, 868 N.W.2d 36, 40 n.2 (Minn. 2015) ("[W]hen adjudication is stayed under section 152.18, there is no conviction."). This court has recently reaffirmed that a defendant who received only a stay of adjudication has not been convicted for the purposes of seeking postconviction relief. *Lunzer v. State*, 874 N.W.2d 819, 820 (Minn. App. 2016). "Hence, such a person cannot seek postconviction relief." *Id.* at 822.

When appellant filed her petition for postconviction relief on July 18, 2014, she was subject only to a stay of adjudication for the controlled-substance crime. She had not been convicted of a crime and therefore was not eligible to seek postconviction relief.

While appellant's petition for postconviction relief was pending before the district court, the court issued an order apparently vacating the stay of adjudication. However, based on the record, this order was without effect and no conviction was entered. Appellant remains subject only to a stay of adjudication. Nothing in the record indicates that a controlled-substance conviction was ever entered, nor was probation revoked. In order for

4

an individual to petition for postconviction relief, that individual must have been convicted of a crime. Despite the order purporting to vacate the stay of adjudication, appellant was not convicted of fifth-degree controlled-substance offense.

Appellant received only a stay of adjudication, and she was therefore never convicted of the controlled-substance crime for the purposes of Minn. Stat. § 590.01, subd. 1. Under *Lunzer*, appellant was not eligible to seek postconviction relief. The district court did not err by denying appellant's petition.

**Affirmed.**

5