*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0036**

Mohamed Abdule Ahmed, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 22, 2016
Affirmed
Johnson, Judge**

Hennepin County District Court
File No. 27-CR-08-46920

Gregory S. Bachmeier, Maple Grove, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth R. Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Halbrooks, Presiding Judge; Johnson, Judge; and Muehlberg, Judge.*

---

*Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

**JOHNSON**, Judge

In 2009, Mohamed Abdule Ahmed pleaded guilty to fifth-degree controlled substance crime. The district court stayed adjudication and placed Ahmed on probation for three years. After Ahmed successfully completed his term of probation, the complaint was dismissed without an adjudication. In 2015, Ahmed filed a postconviction petition in which he sought to withdraw his guilty plea. The district court denied Ahmed's petition on the ground that it is untimely and without merit. We conclude that the district court did not have jurisdiction over Ahmed's postconviction petition because Ahmed was not convicted of a crime. Therefore, we affirm.

## FACTS

In June 2008, Ahmed went to a United Parcel Service store in Eden Prairie to pick up a package. The package contained khat, a plant that often contains cathinone, a controlled substance. *See* Minn. Stat. §§ 152.02, subd. 2(6), 152.025, subd. 2(1) (2006). Ahmed admitted to a law-enforcement officer that he also had attempted to pick up a package of khat two days earlier. The state charged Ahmed with two counts of fifth-degree controlled substance crime, in violation of Minn. Stat. § 152.025, subd. 2(1).

In April 2009, Ahmed pleaded guilty to count 1 pursuant to a plea agreement. Before the plea hearing, Ahmed signed a plea petition. Paragraph 27 of the plea petition states, "My attorney has told me and I understand that if I am not a citizen of the United States, conviction of a crime may result in deportation, exclusion from admission to the U.S.A., or denial of naturalization." Ahmed acknowledged during the plea hearing that he

2

had had "ample opportunity to go through each and every sentence, paragraph, of the entire document" and that he understood everything in the petition. The district court stayed adjudication and placed Ahmed on probation for three years. *See* Minn. Stat. § 152.18, subd. 1 (2006). Three years later, in April 2012, the district court dismissed the complaint.

In July 2015, Ahmed, through retained counsel, filed a postconviction petition in which he sought to withdraw his guilty plea. Ahmed submitted an affidavit stating that he is not a United States citizen. He alleged that he received ineffective assistance of counsel in April 2009 because his attorney did not advise him of the immigration consequences of his guilty plea, including the possibility that he would be deported, and because his attorney did not file a motion to suppress evidence. He also alleged that his guilty plea is invalid because it was not intelligently entered. The state opposed the petition on the grounds that it is untimely and without merit.

In October 2015, the postconviction court denied Ahmed's petition. The postconviction court determined that Ahmed's petition is untimely because it was filed after the two-year limitations period and that Ahmed cannot satisfy an exception to the statute of limitations. In addition, the postconviction court determined that Ahmed's claim would fail on the merits because the United States Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473 (2010), is not retroactive, because his attorney did not unreasonably refrain from filing a motion to suppress evidence, and because his guilty plea is valid. Ahmed appeals.

3

**D E C I S I O N**

Ahmed argues that the postconviction court erred by denying his postconviction petition on the grounds that it is untimely and without merit. In response, the state argues that this court should affirm on the ground that Ahmed cannot seek postconviction relief because he was not convicted of a crime.

We begin by considering the state's responsive argument, which concerns a threshold issue. The state relies on *Lunzer v. State*, 874 N.W.2d 819 (Minn. App. 2016), in which this court concluded, on similar facts, that a person may not pursue postconviction relief if the person pleaded guilty but the district court initially stayed adjudication and later dismissed the complaint without entering a judgment of conviction. *Id.* at 821-23. We noted in *Lunzer* that the supreme court recently had held that when a district court "grants a stay of adjudication under Minn. Stat. § 152.18, subd. 1, there is no 'judgment of conviction or sentence.'" *Lunzer*, 874 N.W.2d at 822 (quoting *Dupey v. State*, 868 N.W.2d 36, 39-41 (Minn. 2015)). The supreme court stated in *Dupey* that a guilty plea results in a conviction only if a district court records the guilty plea, which can occur only if the district court "adjudicates the defendant guilty on the record." 868 N.W.2d at 40 n.2 (citing Minn. Stat. § 609.02, subd. 5, and quoting *State v. Martinez-Mendoza*, 804 N.W.2d 1, 6 (Minn. 2011)) (alterations omitted). Accordingly, we reasoned in *Lunzer* that, "[b]ecause a stay of adjudication under Minn. Stat. § 152.18, subd. 1, is not a conviction for purposes of the postconviction relief statute of limitations, it clearly follows that a person who receives such a stay is not 'convicted of a crime'" and, thus, "cannot seek postconviction relief."

4

874 N.W.2d at 822 (quoting Minn. Stat. § 590.01, subd. 1). Thus, we concluded that jurisdiction was lacking when Lunzer filed a postconviction petition. *Id.* at 823.

The state is correct that *Lunzer* governs this case.[1] After Ahmed pleaded guilty, the district court stayed adjudication. After Ahmed completed his term of probation, the district court dismissed the complaint without recording Ahmed's guilty plea or otherwise entering a judgment of conviction. Thus, Ahmed was not convicted of a crime. Because there was no conviction, the postconviction court did not have jurisdiction over Ahmed's postconviction petition. *See id.* at 822-23.

In sum, Ahmed may not seek relief in a postconviction action because he was not convicted of a crime. For that reason, we need not and may not consider the timeliness or the merits of Ahmed's postconviction petition.

**Affirmed.**

---

[1]We note that the state did not argue to the postconviction court that Ahmed cannot seek postconviction relief because he was not convicted of a crime. The state filed its answer in August 2015, approximately six months before this court issued its opinion in *Lunzer*. Nonetheless, this court has determined that the postconviction court's lack of jurisdiction in this situation is the type of jurisdictional issue that may be raised at any time, even for the first time on appeal. *See Lunzer*, 874 N.W.2d at 820 (citing *In re Welfare of M.J.M.*, 766 N.W.2d 360, 364 (Minn. App. 2009), for proposition that lack of subject-matter jurisdiction "may be raised at any time by the parties or sua sponte by the court, and cannot be waived by the parties"). Furthermore, whenever a party asserts that subject-matter jurisdiction is lacking, a court is obligated to "examine whether it has the authority to hear the type of dispute and to grant the type of relief sought." *Williams v. Smith*, 820 N.W.2d 807, 812-13 (Minn. 2012). Thus, it is appropriate for this court to consider the state's responsive argument, even though it was not presented to the postconviction court.