Lori Swanson, Attorney General, St. Paul, Minnesota; and Donald F. Ryan, Crow Wing County Attorney, Rockwell J. Wells, Assistant County Attorney, Brainerd, Minnesota (for respondent)
Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)
Considered and decided by Smith, Tracy M., Presiding Judge; Cleary, Chief Judge; and Rodenberg, Judge.
CLEARY, Chief Judge *917 Appellant Joel Evan Greenough challenges his executed 36-month sentence, arguing that the district court's vacation of his stay of adjudication, imposition of sentence, and execution of his presumptively stayed sentence, based on violations of the terms of his probation, was an unauthorized departure from the sentencing guidelines. We reverse and remand.
FACTS
On October 26, 2012, appellant was charged with one count of third-degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. 1(b) (2010), in connection with an incident in May 2011. On that same day, appellant entered a plea in accordance with a plea agreement and the district court withheld acceptance of the plea pending the completion of a presentence investigation report. On December 13, 2012, appellant received a stay of adjudication for a term of five years and was placed on supervised probation with extensive conditions. The district court explained the conditions of the stay of adjudication, which included a requirement that appellant remain law abiding and submit to random drug testing; refrain from any contact with any minors; and complete a psychosexual evaluation. The district court also advised appellant of the possible collateral consequences of the "revocation" of his stay of adjudication, which included predatory-offender registration and prohibitions on voting, jury duty, and holding public office. After advising appellant of the terms of his probation and the consequences of revoking the stay of adjudication, the district court released appellant from custody.
Appellant violated the terms of his probation multiple times. He failed to find suitable housing; failed to comply with the requirements at the approved facilities; failed to comply with random drug testing; used intoxicants; and eventually absconded from the approved facility. At a hearing on August 23, 2013, the district court addressed the violations. The state requested that the stay of adjudication be vacated and that the presumptively stayed 36-month sentence be imposed and executed. The district court treated the hearing as a probation-revocation hearing and made findings in accordance with State v. Austin , 295 N.W.2d 246, 250 (Minn. 1980). The district court found that: (1) appellant violated the terms of his release; (2) appellant's violations were intentional and inexcusable; and (3) the need for confinement outweighed the policies in favor of probation. The district court then "revoked" the stay of adjudication, imposed the presumptively stayed 36-month sentence, and executed that sentence. Appellant filed a motion to correct his sentence, arguing that the imposition and execution of his sentence was an unauthorized sentencing departure. The district court denied appellant's motion to correct his sentence, in part, because it found that appellant was "sentenced" under the Minnesota Sentencing Guidelines when he received a stay of adjudication. This appeal follows.
ISSUE
When a stay of adjudication is vacated, is execution of a presumptively stayed sentence an unauthorized sentencing departure from the Minnesota Sentencing Guidelines?
ANALYSIS
Appellant argues that the execution of his presumptively stayed sentence was an unauthorized sentencing departure and that the district court abused its discretion in denying his motion to correct his *918 sentence.[1] "The court may at any time correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9. A sentence is unauthorized if it is contrary to law or applicable statutes. Evans v. State , 880 N.W.2d 357, 359 (Minn. 2016). "This court will not reverse the district court's denial of a motion brought under rule 27.03, subdivision 9, to correct a sentence, unless the district court abused its discretion or the original sentence was unauthorized by law." State v. Amundson , 828 N.W.2d 747, 752 (Minn. App. 2013).
Appellant received a stay of adjudication and was placed on probation. Based on appellant's criminal-history score of zero and the offense-severity level of D, his presumptive sentence under the Minnesota Sentencing Guidelines was a stayed 36-month sentence. See Minn. Sent. Guidelines IV (2010). After appellant violated the terms of his probation, the district court adjudicated him guilty, imposed the 36-month sentence, and executed that sentence. Appellant argues that the execution of his sentence was an unauthorized upward dispositional departure in violation of his Sixth Amendment rights. We agree.
Sentencing may only occur "upon conviction." Minn. Stat. § 609.10, subd. 1(a) (2010). Once a defendant is convicted, he or she must be sentenced in accordance with the sentencing guidelines. "The presumptive sentences set out in the Sentencing Guidelines Grid are presumptive with respect to both duration and whether imposition or execution of the felony sentence should be stayed." State v. Allen , 706 N.W.2d 40, 45 (Minn. 2005) (quotation omitted). The "imposition of the presumptive sentence is mandatory absent judicial findings." State v. Shattuck , 704 N.W.2d 131, 135 (Minn. 2005) (quotation omitted). In Minnesota, these additional findings refer to the constitutional rule announced in Blakely v. Washington , 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which requires that a jury find, or a defendant admit to, any fact, other than a prior conviction, that is necessary to support a sentence exceeding the presumptive sentence. State v. Jones , 745 N.W.2d 845, 848 (Minn. 2008). The execution of a presumptively stayed sentence is an upward dispositional departure, requiring compliance with Blakely because of the "additional loss of liberty that results from execution of a presumptively stayed sentence." Allen , 706 N.W.2d at 46.
The district court determined that Blakely did not apply to the execution of appellant's sentence because he was "sentenced" when he received a stay of adjudication. A stay of adjudication is a "unique judicial tool" that permits the district court to impose conditions of probation, including jail time, without a formal adjudication of guilt or the imposition of a sentence. State v. Lee , 706 N.W.2d 491, 494 (Minn. 2005). A stay of adjudication is not a sentence under the guidelines[2] because when a district court orders a stay of adjudication, no conviction is entered or sentence imposed. See Dupey v. State , 868 N.W.2d 36, 40 (Minn. 2015) ;
*919 Lunzer v. State , 874 N.W.2d 819, 822 (Minn. App. 2016). Because a defendant who has received a stay of adjudication has not been adjudicated guilty, "[o]nly when a stay of adjudication is vacated" can that defendant be convicted and sentenced. State v. Bradley , 906 N.W.2d 856, 859 (Minn. App. 2017), review denied (Minn. Feb. 28, 2018). Appellant was not adjudicated guilty or convicted until his stay of adjudication was vacated on August 23, 2013, and therefore he had not been "sentenced" prior to that hearing.
The district court treated the August 23 hearing as a probation revocation, rather than as an initial sentencing hearing, and made findings under State v. Austin , 295 N.W.2d 246, 250 (Minn. 1980). In Austin , at the initial sentencing hearing, the district court adjudicated the defendant guilty, sentenced him, stayed that sentence, and placed the defendant on probation for a period of six years. Austin , 295 N.W.2d at 248. The district court revoked the stayed sentence after the defendant violated the terms of his probation multiple times. Id. at 249. Here, unlike Austin , appellant was not adjudicated guilty or sentenced prior to the August 23 hearing. The district court combined the sentencing and probation-revocation processes and executed appellant's presumptively violated stayed sentence. The execution of appellant's sentence violated the Blakely requirement and appellant's Sixth Amendment rights. After appellant's stay of adjudication was vacated and he was adjudicated guilty, the district court was required to impose the presumptive 36-month stayed sentence or make additional findings in order to satisfy the requirements of Blakely .[3]
While district courts can consider "offender-related factor[s]" as a basis for a dispositional departure, and a defendant's "particular unamenability to probation may be used to justify an upward dispositional departure," a judicial determination-without an appropriate waiver-of any fact that provides the basis for an upward dispositional departure violates the Blakely requirement and the defendant's right to have a jury make that determination. Allen , 706 N.W.2d at 46. In executing appellant's presumptively stayed 36-month sentence, the district court found that appellant admitted to violating his probation, his violations were inexcusable, and the need for confinement outweighed the policies favoring probation, and that appellant was no longer amenable to probation after the violations of the terms of his release. The judicial determination that appellant was unamenable to probation served as the basis for the execution of his sentence, in violation of the Blakely requirement and appellant's Sixth Amendment rights. Consequently, the execution of his sentence was an unauthorized departure.[4]
*920 The state argues that requiring compliance with Blakely in this context will discourage the use of stays of adjudication because it forces district courts to place a defendant who has violated the terms of probation and is facing a presumptively stayed sentence back on probation. The proper sanction for the violation of the terms of a stay of adjudication is the adjudication of guilt and the imposition of the presumptive sentence. If that presumptive sentence is stayed, the defendant is entitled to the benefit of that stay unless a departure from the guidelines is justified and supported by the additional findings required by Blakely or the defendant has waived his right to have a jury determine whether there are aggravating factors that would support an aggravated-sentencing departure.
DECISION
Appellant was not sentenced when he received a stay of adjudication. A district court may not vacate a stay of adjudication, impose a presumptively stayed sentence, and execute that sentence without additional findings satisfying Blakely . We reverse appellant's sentence and remand for the imposition of the presumptive guidelines sentence.
Reversed and remanded.

Appellant also argues that the district court imposed an impermissible procedural bar in denying his motion to correct his sentence. Because we hold that appellant's sentence is unauthorized by law, we need not address this claim.

Since 2015, the guidelines have provided that "[w]hen a felony stay of adjudication is vacated and conviction is entered, the Guidelines must be applied. To the extent that the sentence pronounced immediately following a revocation of a stay of adjudication is contrary to the Guidelines presumptive sentence, that sentence is a departure." Minn. Sent. Guidelines 2.D.1.e. (Supp. 2017). The guidelines in effect on the date of appellant's offense did not include this language.

A defendant may waive his right to have a jury determine whether there are aggravating factors that would support an aggravated-sentencing departure. State v. Thompson , 720 N.W.2d 820, 827 (Minn. 2006). But a defendant must make a knowing, intelligent, and voluntary waiver of that right that satisfies Minn. R. Crim. P. 26.01, subd. 1(2)(a). Nothing in the record indicates that appellant was informed of or waived that right.

After a district court adjudicates a defendant guilty, imposes a presumptively stayed sentence, and places that defendant on probation, the district court need not make additional findings to satisfy Blakely in order to execute that presumptively stayed sentence at a later date, in response to a violation of the terms of the defendant's probation. See Bradley , 906 N.W.2d at 859-61. Under those circumstances, a district court need only comply with Minn. R. Crim. P. 27.04 and the standards set out in Austin in order to execute a presumptively stayed sentence in response to a probation violation.